375 A.2d 186

**HAGERTY OIL COMPANY, Appellant,**

v.

**CHESTER COUNTY SECURITY FUND, INC.**

Superior Court of Pennsylvania.

Argued June 14, 1976.

Decided June 29, 1977.

Dallett Hemphill, West Chester, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

█ This appeal is from a judgment on the pleadings in an action in assumpsit. Appellant brought suit for $384.27, assigning that as the balance due in payment for a delivery of fuel oil to appellee's apartment house. Appellee's answer to the complaint admitted the fact of delivery, the amount of oil delivered, and the price of the oil. However, appellee pleaded in new matter that it was relieved of further liability through accord and satisfaction. Appellant's reply to the new matter admitted that it had received and cashed a check by appellee in the amount of $328.10 and inscribed with the legend "Endorsement in full settlement of all claims." Appellant insists that notwithstanding that legend and its endorsement of the check,[1] the $328.10 payment was merely on account of the total debt.[2]

█ Appellee's motion for judgment on the pleadings was granted by the lower court on the theory that undisputed facts in the pleadings disclosed that appellee was discharged by way of accord and satisfaction. We disagree.

The elements of accord and satisfaction were defined by the Supreme Court in *Law v. Mackie*, 373 Pa. 212, 222, 95 A.2d 656, 660 (1953):

> An accord and satisfaction is the result of an agreement between the parties which may be and usually does result from an implied agreement arising from the circumstanc-

---

1. Apparently appellant obliterated the legend prior to its endorsement of the check. That act, however, was of no consequence. *Melnick v. National Air Lines*, 189 Pa.Super. 316, 150 A.2d 566 (1959), *allocatur denied*; Restatement of Contracts § 420 (1932).

2. The total debt was for $712.37, representing $672.05 for the oil and $40.32 for sales tax.

es. If an agreement stems from a disputed claim, the acceptance of an amount less than the creditor claims to be due, when tendered by the debtor in full satisfaction of the creditor's claim, becomes a completed accord and satisfaction.

.    .    .    .    .

There must be an honest dispute and a person cannot create a dispute sufficient for the purpose of an accord and satisfaction by a mere refusal to pay a claim undisputed in fact.

*See also, Brunswick Corp. v. Levin,* 442 Pa. 488, 276 A.2d 532 (1971); *West Penn Power Co. v. Nationwide Mutual Insurance Co.,* 209 Pa.Super. 509, 228 A.2d 218 (1967); *Duryea v. Long,* 191 Pa.Super. 511, 159 A.2d 259 (1960). The pleadings in this case do not establish a bona fide dispute between appellant and appellee over the fuel oil debt prior to appellee's tender of its check to appellant. Rather, appellee's answer to the complaint, in which it admits the delivery, quantity, and price of the oil, could only lead to the conclusion that there had been no dispute, but that appellee's tender was simply "a mere refusal to pay a claim undisputed in fact."

Judgment for appellee is vacated and the record is remanded for further proceedings.