**T.J. TRAUNER ASSOCIATES, INC., Appellant,**

v.

**COOPER–BENTON, INC. and Demetree Industries, Inc.**

**No. 86–1539.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Feb. 20, 1987.

Decided June 12, 1987.

---

Michael H. Payne, Starfield & Payne, Fort Washington, Pa., for appellant.

John J. Soroko, Duane, Morris & Heckscher, Philadelphia, Pa., for appellees.

Before SLOVITER and STAPLETON, Circuit Judges, and ROTH, District Judge [*].

## OPINION OF THE COURT

ROTH, District Judge:

T.J. Trauner Associates, Inc. (Trauner Inc.) appeals a decision by the United States District Court for the Eastern District of Pennsylvania, granting the motion for summary judgment of appellees, Cooper-Benton, Inc. (Cooper) and Demetree Industries, Inc. (Demetree). The district court found that the Pennsylvania law of accord and satisfaction barred plaintiff from recovering the monies claimed in its suit. Our review of the grant of a motion for summary judgment is plenary, to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *Maldonado v. Ramirez*, 757 F.2d 48, 49 (3d Cir.1985);

*Kahn v. United States*, 753 F.2d 1208, 1210 (3d Cir.1985). For the reasons we set out below, we find that there are genuine issues of material fact and we reverse the decision of the district court.

## BACKGROUND

Appellant Trauner Inc. is a professional construction consulting firm. Appellees Cooper and Demetree are construction companies that hired Trauner Inc. to provide expert services in preparing a claim for uncompensated costs, arising from a construction project in which appellees were involved in Florida. Cooper and Demetree engaged Trauner Inc. pursuant to a letter-agreement written by Theodore J. Trauner, Jr. (Mr. Trauner), president of Trauner Inc., on April 23, 1982, in which Trauner Inc. agreed to perform a detailed analysis and investigation of the Florida project and prepare a report on its findings. The letter contained a fee schedule with an outline of hourly charges and an estimated cost of the designated services of $25,100. The letter also stated that, as to certain "support services" which might become necessary, including assistance in settlement negotiations and trial preparation, no accurate estimate could be given and, in fact, none was provided. Fees for all services, whether designated or "support," were to be computed on an hourly basis in accordance with the fee schedule provided. Trauner Inc. further agreed in the letter not to exceed the total estimate without defendants' approval.

On August 1, 1985, after appellees had already paid $47,245.57 to Trauner Inc. on the account, a "final invoice" was submitted in the amount of $32,566.68. There is no record that appellees made any response to this invoice until October 4, 1985, when Jack C. Demetree, vice-president of Demetree Industries, sent a letter to Mr. Trauner, stating that appellant's charges were considered to be unjustified and unreasonable. The letter further informed Mr. Trauner that appellees had no intention

[*] Honorable Jane R. Roth, United States District Judge for the District of Delaware, sitting by designation.

of paying the full amount of the invoice and enclosed a check for $10,000 made out to T.J. Trauner Associates. The letter explained that the enclosed $10,000 check was for "full and final payment" and that "negotiation of the check will constitute total satisfaction of your bill." The check itself made no reference to the conditions stated in the letter.

The October 4, 1985 letter and enclosed $10,000 check were received at the offices of Trauner Inc. at a time when Mr. Trauner was away on business. Since the letter was addressed to Mr. Trauner, it was sent to his office where it waited until his return. The check was transmitted to the accounting department where it was negotiated and deposited. Upon his return, Mr. Trauner wrote a letter to Mr. Demetree, dated October 21, 1985, in which he acknowledged receipt of the October 4 letter and check but asserted that the $10,000 constituted only partial payment. Mr. Trauner further stated in this letter that Trauner Inc. had continually informed appellees' counsel of its activities and that Trauner Inc. had not performed any work that was not authorized or directed by appellees' representatives.

Trauner Inc. retained the $10,000 and Demetree made no further payments. Trauner Inc. then filed this suit to recover the balance due of $22,566.68.

## DISCUSSION

Cooper and Demetree contend that the Pennsylvania law of accord and satisfaction entitled them to summary judgment in this action. The elements of an accord and satisfaction are (1) a disputed debt, (2) a clear and unequivocal offer of payment in full satisfaction of the debt, and (3) acceptance and retention of payment by the offeree. *Goodway Marketing, Inc. v. Faulkner Advertising Associates, Inc.*, 545 F.Supp. 263, 266 (E.D.Pa.1982). Appellant argues that there was no dispute at the time Jack Demetree's October 4 letter was received by Trauner Inc. or that at the very least, a genuine factual dispute exists concerning this issue.

A trial court may grant summary judgment only if there is no genuine issue of material fact. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). The appellate court in reviewing a grant of summary judgment must apply the same test:

> Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion. The non-movant's allegations must be taken as true and, when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.

*Id.*

If we then view the facts of this case in the light most favorable to the non-movant, we find the following situation, as described in the affidavit of Theodore J. Trauner, Jr.: Cooper and Demetree retained the services of Trauner Inc. to provide them with expert consulting services. The scope of the services Trauner Inc. was to provide were described in the April 23, 1982 letter agreement. The letter agreement identified certain services to be performed by Trauner Inc. and then went on to describe additional "support services" Trauner Inc. was prepared to supply in the event Cooper and Demetree's claim was not settled prior to arbitration. Trauner Inc. stated it could not at that time estimate the extent and cost of these "support services." All services would be performed at the hourly rate set out in the fee schedule attached to the letter agreement. Trauner Inc. agreed not to exceed the total estimate of $25,000 without appellees' approval. Trauner Inc. was indeed required to provide the additional "support services." At all times, it supplied appellees with detailed summaries of services performed, and it did not do any work that was not authorized or directed by appellees' representatives. Time sheets and a fee schedule were submitted for all services. At no time prior to October 4, 1985 did appellees dispute the quality of Trauner Inc.'s work or the fees charged therefor. Appellees paid $47,245.57 on account. On August 1,

1985, Trauner Inc. sent its final invoice in the amount of $32,566.88. No reply to or comment on this invoice was made by appellees until the October 4, 1985 letter of Mr. Demetree to Mr. Trauner, stating that the fee was unreasonable and forwarding a check for $10,000 in "total satisfaction" of the bill. The check contained no notation that it was being offered in "full and final payment." The check was separated from the letter in the normal course of business and negotiated by Trauner Inc.'s accounting department.

With this scenario in mind, as appellant would have it written, we must then review the pertinent Pennsylvania case law on the doctrine of accord and satisfaction. The same elements are necessary to show the existence of an "accord and satisfaction" as to show the existence of any contract. There must be a "meeting of the minds" and there must be consideration. *Brunswick Corp. v. Levin,* 442 Pa. 448, 276 A.2d 532 (1971). In order that there can be "consideration" in case of "accord and satisfaction," there must be a dispute. *Id.*

Where there is a dispute or disagreement between the debtor and creditor as to their respective rights, a payment tendered in full satisfaction of the other's claim operates as an accord and satisfaction if the payment is accepted and retained. On the other hand, in the absence of such a controversy, the payment of a part of the amount due under a contract, even though accepted by the creditor as in full satisfaction of the debt, does not work a discharge of the entire indebtedness, for the reason that there is no consideration for the creditor's agreement that it should so operate.

*Lucacher v. Kerson,* 355 Pa. 79, 48 A.2d 857, 858 (1946).

To establish the existence of a dispute, more is required than merely showing that the debtor is dissatisfied with the amount of the bill when the scope of the work and the unit price have been agreed upon. *Hagerty Oil Company v. Chester County Security Fund, Inc.,* 248 Pa.Super. 456, 375 A.2d 186 (1977); *accord, Nowicki*

*Const. Co. v. Panar Corp., N.V.,* 342 Pa. Super. 8, 492 A.2d 36 (1985).

There must be an honest dispute and a person cannot create a dispute sufficient for the purpose of an accord and satisfaction by a mere refusal to pay a claim undisputed in fact.

*Law v. Mackie,* 373 Pa. 212, 222, 95 A.2d 656, 661 (1953).

If the facts in the present case are looked at in the light most favorable to appellant, the scope, the price, and the acceptability of the work had been agreed upon by the parties; no dispute of any sort existed prior to appellees' sending their check for an amount less than that which was due. Under Pennsylvania law, accord and satisfaction does not operate to bar recovery of the full amount due under such circumstances, as described by appellant, because no dispute existed. Appellees, on the other hand, contend that the total amount to be billed had not been estimated or approved and the final bill was unreasonable and unjustified. Clearly a fact question exists as to whether or not a dispute existed at the time Demetree sent the October 4, 1985 letter.

In view of this unresolved issue of material fact, it was error for the court below to grant appellees' motion for summary judgment. Because the facts relating to the existence of a dispute were contested, this issue should have been resolved by the finder of fact. *Hayden v. Coddington,* 169 Pa.Super. 174, 82 A.2d 285, 287 (1951). For that reason, we will reverse and remand to the district court for further proceedings in accord with this opinion.