635 A.2d 653

**CHEW–BITTEL ASSOCIATES, INC., Appellant,**

**v.**

**CRUSADER SAVINGS BANK and W. Kirk Wycoff, and Debra Jean Wycoff, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Dec. 28, 1993.

632

Steven H. Sailer, Newtown, for appellant.

David F. Gould, Philadelphia, for appellees.

Before WIEAND, CIRILLO and HESTER, JJ.

WIEAND, Judge:

Chew–Bittle Associates, Inc. brought an action against Crusader Savings Bank, contending that the bank, after payment, had improperly reclaimed the proceeds of a check on which the plaintiff had been named as payee. The trial court sustained preliminary objections in the nature of a demurrer

to the complaint, holding that payment of the check could properly be revoked because of an inaccurate endorsement. After careful review and for the reasons which follow, we reverse.

When considering a trial court's order granting preliminary objections in the nature of demurrer, we accept as true all well pleaded facts contained in the complaint as well as any reasonable inferences that càn be drawn therefrom. See: *AM/PM Franchise Assoc. v. Atlantic Richfield Co.*, 373 Pa.Super. 572, 542 A.2d 90 (1983), *modified on other grounds*, 526 Pa. 110, 584 A.2d 915 (1990); *Guy v. Liederbach*, 279 Pa.Super. 543, 421 A.2d 333 (1980), *modified on other grounds*, 501 Pa. 47, 459 A.2d 744 (1982). Preliminary objections may be sustained only where it is clear that the law will not permit a recovery on the facts pleaded. See: *Cianfrani v. Commonwealth, State Emp. Retirement Bd.*, 505 Pa. 294, 479 A.2d 468 (1984); *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976).

In October, 1991, W. Kirk Wycoff and Debra Jean Wycoff, husband and wife, hired Chew–Bittle Associates, Inc. (Chew–Bittle) to perform alterations to their real estate. The construction contract, including several oral modifications, obligated the Wycoffs to pay Chew–Bittle $37,238.64. After Chew–Bittle had completed the construction, a balance of $14,582.64 remained unpaid. In January, 1992, the Wycoffs tendered a check for $9,000.00, made payable to "Chew Bittle," in full satisfaction of the unpaid balance. Chew–Bittle promptly endorsed the check as "Chew–Bittle Associates" and, on January 14, 1992, deposited it into its account at the Richboro, Pennsylvania, Branch of Corestates Bank. The check was presented to the drawee bank, Crusader Savings Bank, which accepted the check and paid it.

Several weeks later, when the Wycoffs received the cancelled check, they observed that Chew–Bittle had crossed out a notation that the check was in full satisfaction of the balance due and had noted its reservation of rights under the original contract. Wycoff was a member of the board of Crusader

Bank, and he demanded that the bank return the check. On March 2, 1992, Crusader Bank returned the check to Chew–Bittle with a notation "Endorsement not as Drawn" and reclaimed the funds it had previously paid to Corestates Bank. Chew–Bittle thereafter filed suit against the Wycoffs under the construction contract and against Crusader Bank for improperly reclaiming the proceeds of the check. The trial court sustained Crusader Bank's preliminary objections in the nature of a demurrer to the complaint, and Chew–Bittle appealed.

It is correct, as appellee argues, that the payee of a check has no standing to sue the drawee for improper dishonor of a check. 13 Pa.C.S.A. § 4402 (main volume) (amended and recodified July 9, 1992, effective in one year). See: *C & K Petroleum Products, Inc. v. Equibank*, 839 F.2d 188 (3rd Cir.1988). The return of a check for lack of a proper endorsement, however, is not a dishonor. 13 Pa.C.S.A. § 3507(c) (main volume) (repealed July 9, 1992, effective in one year). As other provisions of the Uniform Commercial Code make clear, Chew–Bittle, as holder and payee of the check which the bank had honored and paid, could maintain this action when the bank subsequently revoked its acceptance of the check and reclaimed the proceeds of the check.

The trial court, in dismissing the action, held that the drawee bank, in an "abundance of caution," could properly return the check because it had been made payable to "Chew Bittle" and the endorsement had been by "Chew–Bittle Associates." In so doing, the trial court overlooked the fact that Crusader Bank had honored the check and paid it and had reclaimed the funds more than two months later. Therefore, the trial court neglected to consider the potential liability of the drawee bank under 13 Pa.C.S. § 4302 (main volume) (amended and recodified July 9, 1992, effective in one year). This section of the Uniform Commercial Code, as it existed in January, 1992, provided as follows:

## § 4302. Responsibility of payor bank for late return of item

In the absence of a valid defense such as breach of a presentment warranty (section 4207(a)), settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of:

(1) a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or

(2) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents.[1]

Under this section, a payor bank may become liable to the payee of a check for the face amount of the check, plus any actual damages suffered, if the bank fails to return or pay the check before its midnight deadline. See, e.g.: *Chrysler Credit Corp. v. First Nat. Bank and Trust Co. of Washington,* 746 F.2d 200 (3rd Cir.1984); *Go–Tane Service Stations, Inc. v. Sharp,* 78 Ill.App.3d 785, 33 Ill.Dec. 916, 397 N.E.2d 249 (1979); *Blake v. Woodford Bank & Trust Co.,* 555 S.W.2d 589 (Ky.App.1977); *Farmers Cooperative Livestock Market, Inc. v. Second Nat. Bank of London,* 427 S.W.2d 247 (Ky.App. 1968). This is confirmed by the provisions of 13 Pa.C.S. § 4301 (main volume) (amended and recodified July 9, 1992, effective in one year), where it is provided that a bank may revoke settlement of a check only if it has not finally paid the item and its midnight deadline has not yet passed.

A holder of a check, not having heard from the bank within a reasonable time, must be permitted to assume that the check has been paid. Allowing a bank to retain a check for an indefinite period without incurring liability would hamper normal commercial practices, for a payee would never be certain that the funds represented by the check were available

1. The Code was amended and recodified July 1, 1992, effective in one year.

for use.  See: *Chrysler Credit Corp. v. First Nat. Bank and Trust Co. of Washington, supra* at 203;  *Blake v. Woodford Bank & Trust Co., supra* at 591.  As one court has observed, "failure [of a bank] to meet the midnight deadline authorizes the person presenting the check to assume that it has been honored and will be paid.  Banking practices require the prompt settlement of such items because of the chain of credit dependent thereon." *Farmers Cooperative Livestock Market, Inc. v. Second Nat. Bank of London, supra* at 250.  Here, appellant has averred that more than six weeks elapsed between the time it presented the check to appellee bank and the time the bank revoked its payment.  If this is a correct statement of fact, appellant will be entitled to recover the face value of the check, plus any actual damages suffered.

■  Appellee's contention that it was merely responding to the stop payment order of its customer contradicts the pleaded facts and the reason given by the trial court for its action, both of which suggest that the check was returned because of a questionable endorsement, not an order to stop payment. Moreover and in any event, if appellee bank acted after its midnight deadline, it would have lacked the power to recover the funds previously paid even if it were acting in response to its customer's belated stop payment order, for the check had already been paid.  See: 13 Pa.C.S.A. § 4303 (main volume) (amended and recodified July 9, 1992, effective in one year). See also: *Yukon Nat. Bank v. Modern Builders Supply,* 686 P.2d 307, 308 (Okl.App.1984); *First Nat. Bank of Arizona v. Continental Bank,* 138 Ariz. 194, 198, 673 P.2d 938, 942 (App.1983); *Go–Tane Service Stations v. Sharp, supra,* 33 Ill.Dec. at 917, 397 N.E.2d at 250; *Citizens and Southern Nat. Bank v. Youngblood,* 135 Ga.App. 638, 219 S.E.2d 172, 173 (1975).

■  An untimely return of a check may be excused where a faulty endorsement breaches the presentment warranty of good title, 13 Pa.C.S. § 4302.  However, the warranty is breached only if an endorsement has been forged or is missing, unauthorized or ineffective. *Miller v. Federal Depos-*

*it Ins. Corp.*, 134 Ariz. 342, 342, 656 P.2d 631, 633 (App.1983). In this case, a faulty endorsement does not appear from the face of the complaint; and, indeed, the appellee bank has not argued that the endorsement was forged or unauthorized or that Chew–Bittle Associates was not the intended payee. The endorsement, moreover, was not ineffective. The Uniform Commercial Code specifically permits the holder of a check to endorse it by using an incorrect or misspelled name appearing on a check or by using the holder's correct name. See: 13 Pa.C.S. § 3203 (main volume) (amended and recodified at 13 Pa.C.S. § 3204(d) on July 9, 1992, effective in one year). Chew–Bittle, according to the averments of the complaint, elected to follow the latter course. Thus, the drawee bank cannot properly rely on the form of the endorsement appearing on the check to excuse its delayed attempt to revoke payment. If the drawee truly believed the endorsement on the check to be inadequate, it had a right, under 13 Pa.C.S. § 3203, to require a "signature in both names" before paying or giving value for the instrument. It could not reclaim the proceeds of the check almost two months after paying the same.

It may be correct that the payee could not properly reserve its rights under the contract with the drawer of the check by striking out language tendering the check in full settlement of a dispute arising under the contract. See: *Hagerty Oil Co. v. Chester Co. Security Fund, Inc.*, 248 Pa.Super. 456, 375 A.2d 186 (1977). However, this, if proven, would be a defense to Chew–Bittle's claim against the Wycoffs. It does not relieve the drawee of the check from its duty to pay the payee/holder of a properly presented check.

Because appellant has stated a viable cause of action against the drawee bank, it was error for the trial court to sustain preliminary objections in the nature of a demurrer to the complaint.

Reversed and remanded for further proceedings. Jurisdiction is not retained.