685 A.2d 595

**Ilene LOMBARDO, Individually and as Executrix and Sole Heir of the Estate of Dorothy Barsh, Deceased,**

v.

**MELLON BANK, N.A., and PNC Bank, N.A., Successor to Provident National Bank Stanford Barsh, Bernice Barsh and Bernice Barsh Interiors.**

**Appeal of MELLON BANK, N.A.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1996.

Filed Nov. 26, 1996.

404

Richard M. Beck, Philadelphia, for appellant.

Walter M. Rohlfs, West Chester, for appellee Lombardo.

Before CAVANAUGH, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a judgment entered on February 22, 1996, in favor of appellee, Ilene Lombardo, and against appellant Mellon Bank. Appellant now presents the following issues for our review:

1. WHETHER THE LOWER COURT COMMITTED AN ERROR OF LAW IN NOT FINDING THAT APPELLEE'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

2. WHETHER THE LOWER COURT COMMITTED AN ERROR OF LAW IN APPLYING 13 PA.C.S.A. § 4302 TO THIS CASE.

3. WHETHER THE LOWER COURT COMMITTED AN ERROR OF LAW IN CONCLUDING THAT APPELLANT'S DEFENSES TO APPELLEE'S CLAIMS ARE PRECLUDED UNDER 13 PA.C.S.A. § 4302 OR OTHERWISE.

4. WHETHER APPELLANT ESTABLISHED COMMON LAW DEFENSES TO DEFEAT APPELLEE'S CLAIMS, INCLUDING THE DEFENSES (i) OF MISTAKE, (ii) OF UNJUST ENRICHMENT AND (iii) ARISING UNDER PRINCIPLES OF AGENCY LAW.

5. WHETHER THE LOWER COURT ERRED IN FAILING TO APPLY 13 PA.C.S.A. § 3418 TO FIND IN FAVOR OF APPELLANT BECAUSE APPELLEE WAS NOT A HOLDER IN DUE COURSE AND DID NOT DETRIMENTALLY RELY ON THE PAYMENT OF THE ITEM.

Appellant's Brief at 4.[1] For the reasons stated below, we affirm.

On January 31, 1986, Stanford Barsh wrote two checks payable to "Bernice S. Barsh Interiors" totalling $101,247.58 (the "Provident checks") on an account he and his wife, Bernice Barsh, maintained at Provident National Bank.[2] At

---

1. We have renumbered appellant's issues for purposes of this appeal.

2. Provident National Bank, now known as PNC Bank, N.A., was a named defendant at trial but is not a party to this appeal.

the time Mr. Barsh wrote the checks, the Barshes' Provident account had a balance of $504.68, which the Barshes were aware was insufficient to cover the two checks. Mr. Barsh deposited the checks into his wife's Bernice S. Barsh Interiors business account at Mellon Bank.

That same day, Bernice Barsh wrote a check in the amount of $97,247.58 on the Bernice S. Barsh Interiors account (the "Mellon check") payable to Dorothy Barsh, Mr. Barsh's now deceased aunt, even though she knew that there were insufficient funds in her Mellon account. At Dorothy Barsh's direction, Stanford Barsh endorsed the Mellon check by signing Dorothy Barsh's name on the back and, using a deposit slip that Dorothy Barsh had given him, deposited the check into a Provident account jointly titled in the names of appellee and Dorothy Barsh. Neither appellee nor Dorothy Barsh ever had physical possession of the Mellon check.

On January 31, 1986, Provident bank presented the $97,-247.58 Mellon check to appellant for payment. Because Mr. Barsh had deposited the two Provident checks totalling $101,-247.58 into the Bernice S. Barsh Interiors account earlier that day, the account appeared to have sufficient funds and appellant paid the check. On the next banking day, Monday, February 3, 1986, Provident received the Provident checks totalling $101,247.58 from appellant for payment. Provident posted the checks to the Barsh account, the account became overdrawn, and the checks were returned to appellant for insufficient funds. Mellon subsequently deducted $101,247.58 from the Bernice S. Barsh Interiors account and generated an overdraft report, which it sent to its branch of assignment in Wynnewood.

The overdraft report arrived at the Wynnewood branch at the earliest on Wednesday, February 5, 1986. The Wynnewood branch manager contacted Mrs. Barsh and demanded that she deposit funds to correct the overdraft, but neither Stanford nor Bernice Barsh took any corrective action. Appellant, after several days, traced the $97,247.58 Mellon check to the joint Provident account of appellee and Dorothy Barsh and requested that Provident freeze the funds that had been

transferred to the Provident account by virtue of Bernice Barsh's Mellon check. Provident complied and subsequently transferred the Mellon check funds back to Mellon. As a result, the overdraft in the Bernice S. Barsh Interiors Mellon account was rectified.

Several days after Provident returned the funds to appellant, appellee and Dorothy Barsh learned that the credit from the Mellon check had been deducted from their account. In 1988, appellee instituted this action for breach of contract, intentional interference with contract, and conversion, individually and as executor of Dorothy Barsh's estate, against appellant and Provident Bank to recover the funds deducted from the joint account at Provident.[3]

The trial court conducted a waiver trial and, on March 29, 1994, issued a verdict in favor of appellee and against Mellon Bank in the amount of $143,926.41; in favor of Mellon Bank against Stanford and Bernice Barsh in the same amount; and in favor of Provident Bank and against appellee in no amount. This timely appeal followed.

■ We first address appellant's assertion that the trial court committed an error of law in failing to find that appellee's claims were barred by the statute of limitations. Specifically, appellant claims that, since appellee did not become executor until after the statute of limitations had run, appellee's claim as executor of Dorothy Barsh's estate was barred, even though appellee's suit was timely filed.

■ Preliminarily, we note that as appellant's claims on appeal challenge the trial court's conclusions of law, we will overturn the trial court only for a legal error or an erroneous application to the facts as found at trial. *PNC Bank, Nat. Ass'n v. Balsamo*, 430 Pa.Super. 360, 370, 634 A.2d 645, 650 (1993). When a plaintiff commences suit on behalf of an estate within the statutory period of limitations, but is not made the representative of the estate until after the expiration of the limitations period, the doctrine of relation back applies

---

3. Stanford and Bernice Barsh were subsequently joined as additional defendants.

so that the timely initiation of the suit is validated by the plaintiff's subsequent appointment as estate representative. *D'Orazio v. Locust Lake Village, Inc.*, 267 Pa.Super. 124, 127–128, 406 A.2d 550, 552 (1979).

Here, Dorothy Barsh's will named appellee executor of her estate and appellee filed suit against appellant and Provident Bank on January 29, 1988, well within the four year[4] limitations period. Appellee probated Dorothy Barsh's will and applied for letters testamentary in 1993. N.T. 11/16/93 at 83. Although not formally appointed executor until the trial began, appellee's timely initiation of the suit and subsequent appointment as executor satisfies the statute of limitations for bringing this action. *D'Orazio, supra.* Accordingly, we dismiss this claim. *PNC Bank, Nat. Ass'n., supra.*

■ We next turn to appellant's claims that the trial court erred in applying § 4302 of the Pennsylvania Commercial Code[5] to this case, and that, even if properly applied, the trial court erred in concluding that § 4302 precludes any common law defenses.

Under the Commercial Code, a payor bank must pay the amount of a demand item it receives, whether properly payable or not, when it retains the item beyond midnight of the banking day of receipt without settling for it, paying or returning the item, or sending notice of dishonor before its midnight deadline. 13 Pa.C.S. § 4302 (main volume) (amended and recodified July 9, 1992). The midnight deadline is midnight on the payor bank's next banking day following the banking day on which it receives the relevant item or notice. *Id.* § 4104. The payor bank is liable under § 4302 unless it has a valid defense, "such as breach of a presentment warranty . . . settlement effected or the like." *Id.* § 4302. Once a payor bank has paid the item presented for payment, it can revoke the payment only if it has not made final payment and, before the midnight deadline, returns the item or sends writ-

---

**4.** 42 Pa.C.S. § 5525(7).

**5.** Because the events underlying this action took place in 1986, the 1979 version of the Commercial Code, which was in effect prior to the 1992 amendments, controls here.

ten notice of dishonor or nonpayment. *Id.* § 4301.[6] *See Chew–Bittel Assoc. v. Crusader Sav. Bank,* 430 Pa.Super. 631, 635 A.2d 653 (1993) (appellant stated a viable cause of action under pre-amendment § 4302 where several weeks passed between drawee bank's payment of check and its revocation of payment).

Here, Provident Bank presented the Mellon check to appellant for payment on Friday, January 31, 1986, making appellant's deadline for dishonoring the check midnight on Monday, February 3, 1986. 13 Pa.C.S. § 4104. Appellant paid the check on January 31, 1986, the same day it received it. However, appellant revoked payment of the check on February 13, 1986, ten days after its midnight deadline date. N.T. 11/16/93 at 167. Therefore, as appellant failed to timely return the check or send written notice of dishonor, the trial court correctly concluded that appellant was responsible to appellee under § 4302 for the amount of the Mellon check. Accordingly, we dismiss this claim. *PNC Bank, Nat. Ass'n, supra.*

█ Appellant next claims that the trial court erred in concluding that § 4302 prevents payor banks from asserting common law defenses to avoid liability under that section. Specifically, appellant attempted at trial to establish the defenses of mistake of fact, unjust enrichment, and principal-agent liability on the part of Dorothy Barsh.

█ Particular provisions of the Commercial Code may displace common law principles of law that would otherwise apply. 13 Pa.C.S. § 1103. However, we do not believe § 4302 displaces common law principles given its broad statutory language.[7] *See, e.g., Keystone Bank v. Flooring Specialists,*

---

**6.** The official comment to § 4302 indicates that § 4302 defines the rights of customers when a payor bank fails to take action within the time limits prescribed in § 4301.

**7.** § 4302 provides in pertinent part as follows:

In the absence of a valid defense *such as* breach of a presentment warranty (section 4207(a)), settlement effected *or the like,* if an item is presented on and received by a payor bank the bank is accountable . . . .

*Inc.*, 513 Pa. 103, 112–114, 518 A.2d 1179, 1184 (1986) (language and structure of § 3606 indicate that common law suretyship principles apply to guarantors of negotiable promissory note under the Commercial Code) (citing 13 Pa.C.S. § 1103).[8] Accordingly, we reverse the trial court's ruling that common law defenses were unavailable to appellant under § 4302 and remand for findings as to appellant's fourth issue on appeal regarding whether appellant established mistake of fact, unjust enrichment, or principal-agent liability.

Finally, appellant claims that the trial court erred in failing to apply 13 Pa.C.S. § 3418 to the instant case, because the trial court misconstrued the preamble to § 3418 and mistakenly reasoned that, since this case involved the recovery of a bank payment, § 3418 did not apply.

Under the version of the Code in effect in 1986, § 3418 provided as follows:

Except for recovery of bank payments as provided in Division 4 (relating to bank deposits and collections) and except for liability for breach of warranty on presentment under section 3417 (relating to warranties on presentment and transfer), payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment.

13 Pa.C.S. § 3418 (main volume) (replaced July 9, 1992). Official comment 5 to § 3418 indicates that § 3418, when read with § 4301, permits a payor bank to "recover a payment improperly paid if it returns the item or sends notice of dishonor within the limited time provided in [§ 4301]." The statutory language "[e]xcept for the recovery of bank pay-

13 Pa.C.S. § 4302 (main volume) (amended July 9, 1992) (emphasis supplied).

**8.** Further, we note that the 1992 amendment to § 4302 was designed to eliminate the ambiguity that exists with respect to defenses under this section. New § 4302(b) "elaborate[d]" on the introductory language of former § 4302 by eliminating the ambiguous "or the like" language and providing that, in addition to breach of the presentment warranty, the payor bank may also raise a defense of fraud on the part of the person seeking enforcement of § 4302 liability. 13 Pa.C.S. § 4302(b) and comment 3. Also, the "settlement effected" language was eliminated in 1992 as "unnecessary." Id. at comment 3.

ments as provided in Division 4" provides an exception as to when payment is final in favor of a holder in due course. *See* 13 Pa.C.S. § 3418, cmt. 5 (main volume) (replaced July 9, 1992). This provision allows a payor bank to recover a payment improperly paid if it returns the item or sends notice of dishonor within the time provided in § 4301. While the trial court incorrectly reasoned that § 3418 did not apply, we find that § 3418 allows a payor bank to recover an improperly paid item only if it timely gives notice of dishonor or returns the check. Therefore, § 3418 affords appellant no relief because appellant failed to meet the midnight deadline for giving notice of dishonor. Accordingly, we dismiss this claim. *PNC Bank, Nat. Ass'n, supra.*

Based on the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded for factual findings regarding whether appellant established defenses relating to mistake of fact, unjust enrichment, or principal-agent liability.

Affirmed in part, reversed in part, and remanded.

Jurisdiction relinquished.

CAVANAUGH, J., concurs in the result.