The **TOWNSHIP OF WHITEHALL,**
Plaintiff,

v.

**ALLENTOWN AUTO AUCTION,**
Defendant.

**Jerry MEKOLICHICK and
Allentown Auto Auction,
Inc., Counterclaimants,**

v.

**Thomas SLONAKER, Robert Susko and
Township of Whitehall, Counterclaim
Defendants.**

Civil Action No. 97–CV–1832.

United States District Court,
E.D. Pennsylvania.

June 18, 1997.

Scott B. Allinson, Allentown, PA, for plaintiff.

Edmund J. Healy, Slatington, PA, for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This case arises out of a civil action filed by counsel for Plaintiff Township of Whitehall ("Whitehall") in the Court of Common Pleas of Lehigh County, Pennsylvania on February 20, 1997 against Defendant for state and municipal violations, specifically for failure to remit appropriate business privilege and occupational privilege taxes pursuant to the Local Tax Enabling Act, 53 Pa. S.A. § 6901 et seq. and the Code of Ordinances of the Township of Whitehall, ¶ 5, ¶ 15. On March 13, 1997 counsel for Defen-

dant Allentown Auto Auction filed an answer with affirmative defenses and counterclaims which alleged a variety of federal claims, including the unconstitutionality of the state ordinances. Counsel for Defendant also filed a notice of removal to federal court. Following a series of correspondence between counsel, Plaintiff's counsel filed the instant motion for remand.

The requirement that this case be remanded for lack of subject matter jurisdiction is clear and well grounded in law. We write solely to clarify this point for Defendant's counsel, whose misinterpretation of the law in this case comes dangerously close to malpractice. A civil case is removable to federal court only when provided for by 28 U.S.C. § 1441. It will not be considered properly removed unless the case might have been brought in federal court originally. *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). Defendant states repeatedly that it relies on Section 1441(c) as a basis for removal; however, this is a severe misreading of the vast quantity of caselaw surrounding this statute. Section 1441(c) permits removal where "separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." Of pivotal importance is the requirement that these separate federal claims be joined to the *Plaintiff's* claim for federal jurisdiction to ensue. *Franchise Tax Board v. Construction Laborers Vac. Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A case may not be removed on the basis of a defense with federal claims. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A case may not be removed on the basis of a defendant's counterclaim with federal claims, either. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■ In the instant case, the Plaintiff's claim consists solely of state law claims between non-diverse parties. We note that a review of the complaint reveals no creative or disingenuous claims designed to avoid federal jurisdiction. Ergo, this court has no subject matter jurisdiction over this case, and the case must be remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c). Defendant's counsel argues that nowhere in Section 1441(c) does the statute specifically say that the federal cause of action must be joined to the Plaintiff's complaint for federal jurisdiction. Despite the desire of counsel to be the sole interpreter of the words of a statute, we find the plethora of legislative history and precedent caselaw to the contrary to be more persuasive.

■ Defendant's counsel also attempts to suggest that Plaintiff has exceeded the thirty day time limit for removal under Section 1447(c). Again, Defendant's counsel has seriously misread the statute in question. Section 1447(c) specifically states that "a motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within thirty days after the filing of a notice of removal under Section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" (emphasis added).[1] Clearly, the thirty day time limit exists only for procedural defects, and we may remand for lack of subject matter jurisdiction at any time. Therefore, Defendant's objection is completely without merit.

For the foregoing reasons, we will remand this case to the Court of Common Pleas of Lehigh County, Pennsylvania. 28 U.S.C. § 1447(c) permits us to award "just cost and actual expenses, including attorney's fees, incurred as a result of the removal" at our discretion. *See* 28 U.S.C.A. § 1447, Commentary. This award is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research. *See Mints v. Educational Testing Service,* 99 F.3d 1253 (3d Cir.1996).

---

**1.** We note that Section 1447(c) had been amended in October 1996 to read the above; while this alteration does not impact this case, it reveals further the lack of research performed by Defendant.

■ We believe that this is true of this case; however, Plaintiff has not provided us with sufficient time records, hourly rates, and supportive affidavits to establish a lodestar and to support their costs and expenses. *See, e.g., Mints,* 99 F.3d at 1260; *Shrader v. Legg Mason Wood Walker, Inc.,* 880 F.Supp. 366, 369 (E.D.Pa.1995); *Bearoff v. Demedio,* No. CIV. A. 94–1194, 1994 WL 114890 *3 (E.D.Pa. April 7, 1994). As such, Plaintiff is directed to provide such documentation within fourteen (14) days of this memorandum and order that we may make an appropriate award. Defendant is directed to respond to that documentation within seven (7) days thereafter.