**CENTRAL CAB COMPANY, INC., Plaintiff,**

v.

**Robert CLINE, et al., Defendants.**

**Civil Action No. 6:97–0465.**

United States District Court, S.D. West Virginia, Parkersburg Division.

July 21, 1997.

---

15, 1994 totaling $6.65 rather than the $7.03 claimed.

Patrick E. McFarland, Robert G. McCoid, Frank X. Duff, Schrader, Byrd, Companion & Gurley, Wheeling, WV, for Plaintiff.

Diana Everett, Steptoe & Johnson, Parkersburg, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the fee requests of Plaintiff's attorneys, Frank X. Duff, Robert G. McCoid and Patrick E. McFarland. After careful consideration, the Court **GRANTS** the requests of Mr. Duff and Mr. McCoid as moulded, awarding them a total of $1,900.00. The Court **DENIES** Mr. McFarland's request without prejudice, pending submission of an itemized fee request.

### I. BACKGROUND

On April 30, 1997 Defendants removed from the Circuit Court of Wood County based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Following a hearing, the Court remanded the case on May 2, 1997. The Memorandum Opinion and Order of Remand noted Defendant Robert Cline was a West Virginia resident and Defendant U.S.

Tours Incorporated was a West Virginia corporation. Based on those jurisdictional facts, the Court observed:

> It is well-settled in this District and elsewhere that 28 U.S.C. § 1441(b) "prohibits removal of actions not based on federal question jurisdiction where defendant is a resident of the forum state...." *Ravens Metal Prods., Inc. v. Wilson*, 816 F.Supp. 427, 428 (S.D.W.Va.1993)(Haden, C.J.); *see Caterpillar Inc. v. Lewis*, [— U.S. —, —], 117 S.Ct. 467, 472 [136 L.Ed.2d 437] (1996). A rudimentary examination of the removal statutes and case law would have disclosed the defect to Defendants.

*Central Cab Co., Inc. v. Cline*, No. 6:97–0465, slip op. at 1–2 (S.D.W.Va. May 2, 1997).

Pursuant to 28 U.S.C. § 1447(c), the Court ordered Defendants "to pay Plaintiff's costs and expenses, including attorney fees, incurred as a result of the improper removal." [1] *Id.* at 2. The Court retained jurisdiction only for consideration of a fee award.

Plaintiff's attorneys have now submitted their fee affidavits. To summarize, the affiant Frank Duff asserts:

a. That he has been a practicing attorney since 1980 and requests a $100.00 hourly rate;

b. That he spent approximately four hours on April 30, 1997 traveling from Wheeling to Parkersburg round trip to attend a canceled hearing before a state circuit judge originally scheduled for consideration of a requested temporary restraining order;

c. That the hearing was canceled due to Defendants serving his client with removal papers;

d. That on May 2, 1997 he spent six hours conferring with co-counsel, reviewing pleadings, traveling from Wheeling to Charleston, conferring with his clients and attending the brief hearing on a temporary restraining order requested from this Court; and

e. "[T]hat as a result of the inappropriate removal of this action to Federal Court that he has incurred approximately [a total of] ten hours of time which his client has been charged for at one-hundred dollars per hour, for a total of one thousand dollars."

Affidav. of Frank X. Duff at 2. Duff's co-counsel, Robert McCoid and Patrick McFarland, follow a similar pattern. McCoid requests $90.00 per hour for 19.5 hours expended "as a result of the inappropriate removal of this action[.]" [2] Affidav. of Robert G. McCoid at 2. McFarland seeks $85.00 per hour for 14.5 hours expended.[3]

Defendants filed substantial objections to the fees requested, asserting (1) the bulk of the hours expended were not incurred as a

---

1. Section 1447(c) provides as follows:

   (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction, the case* shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

   28 U.S.C. § 1447(c)(emphasis added). This section permits the Court to award Plaintiff just costs and any actual expenses, including attorney fees, *incurred as a result of the improvident removal. Price v. Messer*, 872 F.Supp. 317, 322 (S.D.W.Va.1995)(Haden, C.J.); *Whisenant v. Roach*, 868 F.Supp. 177 (S.D.W.Va.1994)(Haden, C.J.); *see also Gibson v. Tinkey*, 822 F.Supp. 347, 349 (S.D.W.Va.1993)(awarding costs because removal had been taken against "well-settled law")(Haden, C.J.).
   Slip op. at 2 n. 2 (emphasis added).

2. Like Duff, McCoid requests four hours of travel time for the circuit court hearing. He further seeks (1) eight hours "researching various issues *related to plaintiff's Motion for Preliminary Injunction and in commencing a draft of a Memorandum of Law in Support of said Motion[;]"* and (2) 7.5 later hours for "research of issues related to plaintiff's motion and in drafting a memorandum of law[.]" Affidav. of Robert G. McCoid at 2. He claims this 15.5 hours included as well many conferences with his co-counsel regarding the memorandum of law.

3. McFarland's request consists of 14.5 hours for "preparing documents, drafting letters and performing other services in relation to bringing plaintiff's motion for a temporary restraining order/injunction before this court." Affidav. of Patrick E. McFarland at 2.

result of the improper removal; (2) counsel failed to separately list and describe each service provided; and (3) the affidavits do not establish the total fees and costs requested are reasonable.

## II. DISCUSSION

■ Defendants first assert the two four hour trips by Duff and McCoid from Wheeling to Parkersburg for the circuit court hearing were not incurred as a result of the removal. While Plaintiff's counsel complains Defendants' actions caused them to waste four hours traveling to a hearing that never occurred, they concede this cost "would have been incurred irrespective of whether or not the removal to this Court was filed." Reply memo at 3. The Court is thus required to exclude the requested hours in obedience to the command of § 1447(c) that only fees "incurred *as a result* of the removal" are recoverable. *See Avitts v. Amoco Production Co.,* 111 F.3d 30, 32 (5th Cir.1997)(stating "We interpret this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court" and "ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'"); *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 490 (9th Cir.1995). The analysis does not, however, end there.

■ Attorney Duff did not claim fees for time incurred in returning to Parkersburg, and ultimately Wheeling, for the second circuit court hearing held on May 2 following this Court's Hearing Order remanding the case. Duff is entitled to those hours, given their direct relationship to the removal. Ac-

cordingly, the Court strikes four hours from McCoid's request and deducts a net of one hour from Duff's request to compensate for the three hour return to Wheeling.

Defendants also attack the reasonableness of McCoid's request for 15.5 hours for what they assert was merely legal research. In determining the reasonable amount of fees and costs Plaintiff is entitled to, the Court is guided by the twelve-factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983); *Trimper v. City of Norfolk,* 58 F.3d 68, 73 (4th Cir.1995); *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir.1986).[4] These factors are used to initially calculate the reasonable hourly rate and the reasonable number of hours expended by counsel.[5] *Trimper,* 58 F.3d at 73. The resulting product or "lodestar" fee obtained by multiplying these two figures is presumed to be fully compensatory. *Id.* at 73–74.

While the Court has reviewed equally all of the *Johnson* factors, it appears factors two and three, the novelty and difficulty of the questions presented and the skill required properly to perform the legal service, are most relevant.

■ Defendants, as they must, concede some portion of McCoid's 15.5 hours is compensable. They assert, however, the compensable number is closer to 8 hours. As pointed out by Plaintiff's counsel, however, the 15.5 hours encompassed not only research, but also the drafting of a memorandum of law and discussions with co-counsel about its content. Nonetheless, considering the issues involved, including the very simple

4. The twelve factors considered by the Court are (1) the time and labor expended; (2) the novelty and difficulty of the questions presented; (3) the skill required properly to perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for like cases; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attor-

ney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *Trimper,* 58 F.3d at 73; *Daly,* 790 F.2d at 1075 n. 2.

5. Based on the affidavits and its familiarity with the prevailing hourly charges in the relevant communities, the Court finds the requested rates for all three attorneys reside well within the range of reasonableness.

jurisdictional question[6] and the well-worn federal procedural standard enunciated in *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189 (4th Cir.1977), the Court believes only 10 hours of the requested 15.5 hours were reasonably expended as a result of the improper removal, and so holds.

■ The Court has awarded Mr. Duff already three of the ten hours he requested. The six hours remaining were expended on a three hour trip to Charleston from Wheeling, conferring with his clients and attending the hearing in Charleston. The travel time is compensable obviously. Further, given the gravity of the issues presented, the fast pace of events following removal and the rush for extraordinary relief, the Court will not parse Mr. Duff's additional three hours for attending the hearing and conferring with his clients. This is especially appropriate since neither he nor Mr. McCoid sought fees for the instant fee briefing, an expense clearly resulting from the removal. The six (6) hours are adjudged reasonable and incurred as a result of the improper removal.

Accordingly, the Court **GRANTS** the requests of Mr. Duff and Mr. McCoid as moulded. The award amounts to a total of 19 hours, with 9 hours compensable at an hourly rate of $100.00 and 10 hours at a rate of $90.00. The lodestar amount is thus $1,800.00.

The Court's task in divining the appropriate fee was complicated greatly by the failure of Mr. McCoid and Mr. Duff to itemize the time spent and the tasks performed. Counsel concedes their error. *See* Reply memo at 6 (stating "Concededly, the affidavits submitted by Plaintiff's counsel lack the specificity required by this Court."). As stated in prior cases, this Court

maintains a longstanding practice of closely scrutinizing fee petitions. The assistance of counsel in filing detailed and well-supported petitions makes the task much less cumbersome.

*Continental Cas. Co. v. Assicurazioni Generali, S.P.A.,* 903 F.Supp. 990, 994 n. 10 (S.D.W.Va.1995).[7]

■ While the Court was able ultimately to fashion an award for these two attorneys based on rather sparse information, it cannot do likewise for Mr. McFarland, who asserts conclusorily his 14.5 hours of time were expended "in preparing documents, drafting letters and performing other services. . . ." This explanation affords the Court no principled basis upon which to impose fees. Accordingly, the Court **DENIES** Mr. McFarland's fee request without prejudice, pending a resubmission in accordance with District precedent. The fee request should, at a minimum, (1) provide dates work was performed, (2) a reasonable, specific description of the work, and (3) time expended on the work. In preparing the request, counsel is referred to *Continental Casualty.*

On a final note, the Court has observed throughout that the removal here was completely baseless and all litigants have suffered as a result. The removal has thus far spawned (1) a hearing requiring travel time by both sides; (2) a round of briefing on the question of attorney fees, the issue having yet to be laid to rest finally; and (3) two Memorandum Opinions from the Court. The misstep has no doubt undermined the respective clients' views toward the administration of justice. Two observations are in order.

First, counsel for the Defendants easily could have prevented this quagmire with a rudimentary examination of the removal statutes.[8] See *Township of Whitehall v. Allen-*

---

**6.** As noted, the removal defect is addressed explicitly in 28 U.S.C. § 1441(b) and a very recent case from the division of Court from which the instant case emanates.

**7.** Counsel offered to submit amended affidavits. The Court's reasonableness determinations, however, obviate the need for corrective action.

**8.** To add insult to injury, counsel for the Defendants likely was well aware of a fatal defect in

the removal. At the hearing before this Court, Plaintiff's counsel stated:

> First off, when this action was originally brought before Judge Hill, Circuit Court of Wood County, we had a hearing scheduled and counsel for the defendants provided us with a notice of removal. *I specifically told counsel that the removal was defective. Counsel, I guess chose to proceed with the defective removal.*

Trans. of hrg. at 2 (emphasis added).

*town Auto Auction,* 966 F.Supp. 385, 386 (E.D.Pa.1997) ("This award is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research.").

Second, amicable resolution of the remaining issue of Mr. McFarland's fees may be a preferable result to the new expense to the clients for another round of fee briefing. Absent a fee agreement amongst the parties, Mr. McFarland must file his fee request no later than August 4, 1997.