**Deputy Police Commissioner Robert J. MITCHELL, Plaintiff**

v.

**Mayor John F. STREET, Defendant**

No. 04–CV–1110.

United States District Court, E.D. Pennsylvania.

March 19, 2004.

James E. Beasley, The Beasley Firm, Philadelphia, PA, for Plaintiff.

Shelley R. Smith, City of Phila Law Dept., Philadelphia, PA, for Defendant.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

On March 11, 2004, Deputy Police Commissioner Robert Mitchell ("Mitchell") filed this suit against Mayor John Street and The City of Philadelphia ("Street et. al.") in the Philadelphia Court of Common Pleas. On March 15, 2004, Street et al. removed the case to the United States District Court where it was assigned to me for disposition. Presently before me is Mitchell's motion to remand, that is to send back, this case to the Court of Common Pleas.

The federal court is a court of limited jurisdiction. As such, a federal court is only permitted to hear those cases that the laws of the United States permit it to hear. In general, this includes two types of cases: diversity cases, loosely defined as cases in which the parties are from different states and the controversy involves more than $75,000; and federal question cases, defined as cases "founded on a claim or right arising under the Constitution, treaties or laws of the United States." If a case involving a federal question is filed in state court, such as in the court of common pleas, the defendant can remove the case to federal court. The judge's first responsibility is then, as is always true for any case filed in federal court, to determine whether there is federal jurisdiction to hear the matter.

■ Federal question jurisdiction only exists when a federal question is presented by the plaintiff in a proper, or "well-pleaded", complaint. After all, it is the plaintiff who decides whether to bring a case in state or federal court, and he or she makes this choice by how the complaint is framed. In other words, a party who brings suit is master to decide what law to rely upon and whether he or she will bring a suit arising under the Constitution or laws of the United States. Therefore, except under circumstances not applicable here,[1] to decide if federal jurisdiction exists, a federal court must focus exclusively on the well-pleaded complaint.

■ Alleging that "this matter is subject to removal" because "it raises a federal question," Street et al. removed this case from state court to federal court. In support of their assertion that a basis for federal question jurisdiction exists, Street et al. cites the section of Mitchell's Motion for a Temporary Restraining Order (TRO) in which Mitchell argues that the "TRO is appropriate, *inter alia*, because the Mayor has violated Mitchell's Constitutional Right to protection of his reputation (Section 1, Pa. Constitution)." In further support of its claim that a federal question exists, Street et al., without citation to plaintiff's complaint, characterizes plaintiff's case as asserting a liberty interest protected by

---

1. This includes situations that arise when Congress so completely pre-empts a particular area of the law that any complaint raising this select group of claims is considered to raise a federal question.

the procedural due process clause of the Fourteenth Amendment to the United States Constitution and actionable under 42 U.S.C. § 1983.

In response, Mitchell contends in his Motion to Remand that his complaint does not arise under federal law, and that the case should be remanded to state court. As a basis for his contention, Mitchell argues that it "is self-evident" that the action does not involve a federal question and that this can be gleaned "from the pleadings filed by plaintiff, but indeed, from the face of defendant's Notice of Removal, itself."[2]  In their response to Mitchell's Motion to Remand, Street et al. argue that because, in their belief, this action has no merit under the Pennsylvania Constitution, Mitchell must be bringing this action under § 1983 where, presumably, it would fare better.  The possible success on the merits of an action under the Pennsylvania Constitution is irrelevant to my determination as to whether there is federal jurisdiction.  The only issue for me, under the law, is whether the complaint itself states a federal question.  This is far less than "self-evident."

There are three references to a "constitution" or "constitutional rights" in the complaint.  The first appears in paragraph # 22 and states that:

[Referring to Commissioner Johnson's alleged statement about standing behind Mitchell] This statement alone would have been more than sufficient to allow an investigation to continue without the taking of a man's reputation and destroying his constitutional rights for the improper purposes of the Mayor.

The second reference appears in paragraph # 25 and reads:

With reckless disregard for plaintiff's constitutional rights to his reputation, the Mayor, on March 9, 2004 instructed Commissioner Johnson to have Ms. Fox assume Plaintiff's duties and, by inference or innuendo, created the impression that plaintiff had committed a crime and in so doing disgraced the plaintiff as well as the Philadelphia Police Department.

The third appears in paragraph # 27.  It says:

Had this simple act been done, the Mayor would not have recklessly disregarded plaintiff's constitutional right to his reputation and property (Section 1, Pa. Constitution) which right overrides any discretion available to the Mayor in the firing of the plaintiff.

■    The burden of proving that federal jurisdiction exists rests with the party who is asserting the existence of that jurisdiction.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir.1990).  To justify removal on the basis of federal question, Street et al. simply cited Mitchell's motion for a TRO, an insufficient document to provide federal jurisdiction, and speculated regarding the outcome of Mitchell's case under the Pennsylvania Constitution, concluding that Mitchell must be asserting a § 1983 action under the federal Constitution.  In the process, Street et al. even referred to the Pennsylvania Constitution as the basis of Mitchell's claim.  None of Street et al.'s arguments establishes the existence of a federal question.  Street et al. has therefore failed to meet its burden.

Furthermore, addressing the complaint itself, it is no more than mere speculation that the case has been brought under the

---

**2.**  Although I agree with Mitchell that the pleadings (other than the complaint), including the face of the Notice of Removal, seem to concede that the only question in this matter arises from the Constitution of the Commonwealth of Pennsylvania, I find this fact irrelevant to my determination of whether federal jurisdiction exists in this case.

United States Constitution. The only "constitution" referred to in the three paragraphs that made such a reference is the Pennsylvania Constitution. This is insufficient to establish that the complaint states a federal question. Therefore, because there is no federal question involved, there is no federal jurisdiction over this case, and I will remand the case back to state court.

In his motion, Mitchell also asks that I order defendants to pay his court costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c). This section provides that:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

A district court has broad discretion in determining whether to require the payment of fees under this section. Our court has stated that this award is particularly appropriate "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research." *Township of Whitehall v. Allentown Auto Auction,* 966 F.Supp. 385, 386 (E.D.Pa.1997). The remand in this case did not reach that degree of egregiousness. With the repeated mention of the "constitution" in the complaint and defendants' perception that no claim under the state Constitution was arguably viable, I cannot say that there was no colorable argument supporting removal. Therefore I will deny the motion for costs, expenses and attorney's fees.

### *ORDER*

AND NOW, this 19th day of March 2004,

- Plaintiff's Motion for Remand is GRANTED. and this action is REMANDED to the Philadelphia County Court of Common Pleas.

- Plaintiff's Motion for court costs, expenses and attorney's fees is DENIED.