617 A.2d 336

**Garry L. DEETER and Allen R. Kramer, Appellants,**

v.

**DULL CORPORATION, INC.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1992.

Filed Nov. 30, 1992.

578

Stanley J. Brassington, Schuylkill, for appellants.

Robert L. Goodman, Pottsville, for appellee.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Schuylkill County sustaining appellee Dull Corporation, Inc.'s ("Dull") preliminary objections in the nature of a demurrer and dismissing appellants' Gary L. Deeter ("Deet-

er") and Allen R. Kramer ("Kramer") amended complaint for failure to state a cause of action. We affirm.

On February 13, 1991, Deeter and Kramer filed a complaint against Dull to recover damages they allegedly sustained while in the course of their employment.[1] Deeter and Kramer alleged that Dull was liable for their injuries by breaching its duty to protect them as business invitees.[2] Deeter and Kramer also alleged that Dull/lessor had breached its affirmative duty under a lease provision to ensure that the employer/lessee obtained workmen's compensation insurance and that Deeter and Kramer were intended third party beneficiaries of that lease provision. Further, Deeter and Kramer alleged that Dull undertook the obligation to perform the duty of enforcing the lease provision which required the employer to obtain workmen's compensation insurance and, as a result, Dull's undertaking created either an obligation of primary liability as a surety or secondary liability as a guarantor for the benefit of third party benefactors, Deeter and Kramer.

Dull filed preliminary objections in the nature of a demurrer to each claim. On September 19, 1991 the trial court sustained the preliminary objections and granted Deeter

1. Deeter and Kramer were employed by Horsehead Coal Company ("employer or lessee") which had leased the land from Dull for the purpose of excavating coal. Both Deeter and Kramer had filed meritorious workmen's compensation claims with their employer. Suit was initiated against Dull when it was discovered that the employer failed to obtain necessary workmen's compensation insurance, was uninsured and undergoing bankruptcy.

2. In their appellant brief, Deeter and Kramer contend that they did not claim that Dull was responsible for their injuries which occurred as business invitees, rather, that as a result of Dull's failure to enforce the workmen's compensation insurance obligation of the employer, Dull was liable. We disagree. The trial court, in its 1925(b) opinion addressed the business invitee issue as it believed it formed the basis of counts I and IV of the amended complaint. After a review of counts I and IV we agree with the trial court's finding and we will address the issue of Deeter's and Kramer's remedy as business invitees. Thus, the issue that Dull is liable to Deeter and Kramer for its failure to enforce the insurance provision in counts I and IV is waived on appeal. See Pa.R.A.P. 302; Morgan v. Sbarbaro, 307 Pa.Super. 308, 453 A.2d 598 (1982) (on appeal, new or different theory of recovery may not be advanced for the first time).

and Kramer leave to amend their complaint.[3] Deeter and Kramer then filed their amended complaint, which was virtually identical to the original complaint. Dull again preliminarily objected and demurred to each claim asserting that Deeter and Kramer had failed to state a cause of action. On April 10, 1992 the trial court sustained Dull's preliminary objections and dismissed the amended complaint. This timely appeal followed.

In an appeal from an order sustaining preliminary objections in the nature of a demurrer we take all material facts set forth in the complaint as well as all inferences reasonably deduced therefrom as true. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Kyle v. McNamara & Criste*, 506 Pa. 631, 634, 487 A.2d 814, 816 (1985) (citations omitted); *Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 192, 500 A.2d 470, 472 (1985) (citations omitted).

This case arises out of work related injuries sustained by Deeter and Kramer while in the employ of Horsehead. Dull owns lands in Schuylkill County, collectively known as the John Filbert Tract. In November, 1987 Dull leased the property to Horsehead for a term of five years for the purpose of mining the property. In February, 1989 Deeter was injured during the course of his employment with Horsehead while attempting to lift a railroad car. In May, 1989 Kramer became totally and permanently disabled as a result of having contacted anthracosilicosis. Deeter and Kramer seek to re-

---

**3.** Instead of amending the complaint, Deeter and Kramer filed a notice of appeal of the September order. We note that an order sustaining preliminary objections without dismissal or contemporaneously granting the plaintiff leave to amend the complaint is interlocutory. *See Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); *Leach v. Hough*, 352 Pa.Super. 213, 507 A.2d 848 (1986).

While the appeal was extant, however, Deeter and Kramer filed an untimely amended complaint which the trial court accepted, ruled upon and then entered the instant order. We find the trial court acted appropriately in disposing of the amended complaint as the court may proceed "in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order." Pa.R.A.P. 1701(b)(6).

cover an amount equal to their workmen's compensation benefits from Dull as lessor of the property.[4]

■ Pennsylvania law follows the general rule that a lessor of land is not liable to the lessee or to others, including business invitees, for the physical harm caused by either natural or artificial conditions on the land which existed when the land was transferred or which arise after the transfer of possession. *Dinio v. Goshorn*, 437 Pa. 224, 228–229, 270 A.2d 203, 206 (1969); *Pierce v. Philadelphia Housing Authority*, 337 Pa.Super. 254, 257, 486 A.2d 1004, 1005 (1985) (citations omitted); *Craig v. Ryan*, 201 Pa.Super. 307, 191 A.2d 711 (1963); Restatement (Second) of Torts §§ 355–356 (1965). This principle is based upon the theory that when the lessor leases the land, the law regards the lease transaction as the equivalent to the sale of the land for the term of the lease. Restatement (Second) of Torts § 356, Comment a.

There are several exceptions to this general rule: where the lessor contracts to repair; where the lessor fails to disclose dangerous conditions to the lessee; where the land is leased for the purpose of inviting the public; where the lessor retains a portion of the land but allows the lessee to use it; where the lessor retains a portion of the land that is necessary to maintain the leased part in a safe condition; and, where the lessor negligently makes repairs on the land while it is in the possession of the lessee. *Smith v. M.P.W. Realty Company, Inc.*, 423 Pa. 536, 225 A.2d 227 (1967); *Miller v. Atlantic Refining Co.*, 12 D & C.2d 713, (1957) *aff'd*, 393 Pa. 466, 143 A.2d 380 (1958); *Pierce, supra; Yarkosky v. The Caldwell Store, Inc.*, 189 Pa.Super. 475, 151 A.2d 839 (1959); *Coradi v. Sterling Oil Co.*, 378 Pa. 68, 105 A.2d 98 (1954); *Goodman v.*

---

**4.** Deeter and Kramer contend that Dull/lessor was liable under the following lease provision:

> LESSEE agrees that it shall maintain workmen's compensation, as well as unemployment insurance, for all employees of LESSEE, and shall make or pay and maintain any insurance required by any governmental body for the benefit of the LESSEE's employees ... LESSEE shall supply to LESSOR ... proof of all insurance.

For the reasons discussed *infra*, we find reliance on this language by Deeter and Kramer to be misplaced and their contentions to be without merit.

*Corn Exchange National Bank and Trust Co.,* 331 Pa. 587, 200 A. 642 (1938); Restatement (Second) of Torts §§ 357–362 (1965). Initially, we note that Restatement sections 355–362 specifically deal with the liability of lessors of land to persons on the land. A review of these sections evidences that liability is premised primarily on possession and control, and not merely ownership.[5] *See Smith v. King's Grant Condominium,* 418 Pa.Super. 260, 614 A.2d 261 (1992) (while ownership may be a factor under Restatement (Second) of Torts, § 364(c) liability is premised on possession and control); *Juarbe v. City of Philadelphia,* 288 Pa.Super. 330, 431 A.2d 1073 (1981) (lessor may be held liable for injuries sustained on his property if he maintains possession and control over the property).

■ After a thorough review of the record, particularly the provisions contained in the lease, we find no evidence that establishes the existence of one or more of these exceptions. Thus, the trial court acted properly in sustaining Dull's preliminary objection to the Deeter's and Kramer's first claim. *Kyle, supra.*

■ We also find no merit to Deeter's and Kramer's claims that they were intended third party beneficiaries of the lease agreement and that Dull had undertaken the role of surety or guarantor when it failed to enforce the lease provision which required the employer to obtain the necessary workmen's compensation insurance. We recognize that the exclusivity provision of the Workmen's Compensation Act [6] does not

5. The disparity between ownership and actual possession and control is ascertainable when reviewing the exceptions to the general rule promulgated in sections §§ 355–356. Under the exceptions stated in sections 357–362 a lessor may be held liable only when some indicia of control or possession through separate contract to repair—§ 357; where part of the leased land is retained in the lessor's control which the lessee is entitled to use—§ 360; and, where part of the leased land is retained in the lessor's control and the part retained is necessary for the safe use of the part leased by the lessee—§ 361.

6. Section 303 of the Workmen's Compensation Act provides:
"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, ... or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death...."

preclude an employee from pursuing a common law claim against a *third party* tortfeasor for injury suffered while in the course of employment. 77 P.S. §§ 481, 501, 671; *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980); *Brunelli v. Farelly Brothers*, 266 Pa.Super. 23, 402 A.2d 1058 (1979). However, as noted above, the lease effectuated a complete transfer of the land during the period of the leasehold during which time the lessor neither possessed nor controlled the leased premises. As Dull did not have sufficient control over the premises as landowner, possessor, or in any way maintain control vicariously, it cannot be said that Dull's actions or inactions were the proximate cause of the injuries suffered by Deeter and Kramer. We find that Deeter and Kramer would be precluded from bringing a third party tortfeasor claim against Dull. *See Jamison v. Westinghouse Electric Corp.*, 375 F.2d 465 (3d Cir.1967) (third party action by employee against landowner/lessor, permissible where property owner retained control, supervision, or possession over the property).

■ Instead, Deeter and Kramer seek to invoke contract principles to hold Dull liable. Deeter and Kramer initially contend that they were intended beneficiaries of the lease provision which required their employer to obtain the necessary workmen's compensation insurance. The Pennsylvania Supreme Court recently reexamined the rule for identifying the existence of a third party beneficiary in Pennsylvania. *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147 (1992). In *Scarpitti,* the court reiterated the general rule articulated in *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 70 A.2d 828 (1950). There, the court held that in order to have standing as a designated third party beneficiary, the contracting parties must expressly have intended that the third party be a beneficiary and that the express intention of the contracting parties affirmatively appear in the contract itself. *Spires,* 364 Pa. at 57, 70 A.2d at 830–31. However, an exception to the rule in *Spires* was formulated in the case of *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983), which overruled the

77 P.S. § 481(a).

*Spires* holding to the extent that it stated the exclusive test for third party beneficiaries in Pennsylvania. In *Guy,* the Pennsylvania Supreme Court expressly adopted Restatement (Second) of Contracts, § 302 (1979), as a guide for further designating third party beneficiary claims. The Restatement (Second) of Contracts, § 302 states:

Intended and Incidental beneficiaries

(1) Unless otherwise agreed between the promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary

Restatement (Second) of Contracts, § 302. Section (1) "sets forth a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate." *Guy,* 501 Pa. at 60, 459 A.2d at 751. Subsections (a) and (b) "define[ ] the two types of claimants who may be intended as third party beneficiaries." *Id.* A party must satisfy both the standing and definition sections to maintain a claim under the contract. *Id.*

Thus, to state the appropriate rule in light of *Spires, supra,* and *Guy, supra,* we adhere to the following guideline:

a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, ... *unless,* the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circum-

stances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Scarpitti,* 530 Pa. 366, 609 A.2d at 150–51 (citations omitted) (emphasis in original). Applying these principles to the instant case, we find that Deeter and Kramer were not intended third party beneficiaries.

Deeter and Kramer contend that the language contained on page 17, section 18 of the lease agreement evidenced that the parties intended that the workmen were intended beneficiaries of the contract. Section 18 provides:

> LESSEE agrees that it shall maintain workmen's compensation, as well as unemployment insurance, for all employees of LESSEE, and shall make or pay and maintain any insurance required by any governmental body for the benefit of the LESSEE's employees ... LESSEE shall supply to LESSOR ... proof of all insurance.

To ascertain whether such an intention exists we examine the lease agreement and specifically the language noted above. Section 18 is entitled INDEMNIFICATION AND INSURANCE. In the paragraph dealing with insurance, the lessee, as promisor, agreed to obtain all necessary workmen's compensation, unemployment and general liability insurance. These separate types of insurance were grouped together to spell out the duties of the lessee. The benefit of the lessee's promise ran directly to Dull, as promisee.

Assuming arguendo that recognition of the Deeter's and Kramer's right was appropriate to effectuate the intention of the parties, there was neither an intent on behalf of Dull to give the benefit of the lessee's promise of obtaining insurance to any beneficiary nor did the lessee's promise of obtaining insurance satisfy any obligation owed by Dull to pay money to any beneficiary. Obviously, the intent of the the insurance section was to protect Dull from potential lawsuits and create an obligation on behalf of the lessee to indemnify Dull, notwithstanding the employer's statutory immunity under the Workmen's Compensation Act.

The third party beneficiary relationship was not contemplated by the parties. The language states that the lessee was to

perform to protect its own employees; at most, Deeter and Kramer were incidental beneficiaries and as such were unprotected and have no enforceable rights under either the principles of Restatement (Second) of Contracts § 302, or *Guy. Scarpitti, supra.*

Deeter and Kramer next contend that the language of Section 18 created a suretyship relationship between the lessee and Dull. We have held that a contract of suretyship is solely between the principal debtor and the surety/obligor. *See Trident Corp. v. Reliance Ins. Co.,* 350 Pa.Super. 142, 504 A.2d 285 (1986); *First National Bank & Trust Co. of Ford City v. Stolar,* 130 Pa.Super. 480, 197 A. 499 (1938). A suretyship is a direct and original undertaking, under which the obligor is primarily and jointly liable with the principal. *Wurlitzer Co. v. Oliver,* 334 F.Supp. 1009 (W.D.Pa.1971). Here, the lessee's promise to obtain insurance was a single undertaking. Dull made no promise to pay money or perform other acts in the event that the lessee failed to perform. There was neither a request, nor assent on the part of the lessee as principal, which would indicate the parties' intent to create a suretyship. Evidence of these two factors is essential to Deeter's and Kramer's claim. *Trident, supra* (citation omitted). The contract, specifically Section 18, is completely devoid of evidence of the existence of a surety relationship; rather, the lessee's promise was separate and distinct from any performance owed by Dull. There is no evidence of a joint promise by the lessee and Dull to provide the insurance; moral obligation is insufficient to support a promise of a surety. *Paul v. Stackhouse,* 38 Pa. 302 (1861).

Assuming arguendo, that a suretyship was ever considered by the parties, under the instant facts it could not be enforced by Deeter and Kramer. A suretyship may only be enforced by an obligee against a surety where the obligee affirmatively accepts the suretyship contract within a reasonable time inasmuch as such notice enables the surety to know the nature and extent of its liability. *See Acme Manufacturing Co. v. Reed,* 197 Pa. 359, 47 A. 205 (1900). The record is devoid of any evidence that Deeter and Kramer ever had

notice of a suretyship contract. Thus, there could be no acceptance. Further, the lease entered into between Dull and the employer was executed in 1987. Deeter and Kramer were injured in 1989, and filed suit in 1991. Acceptance is unreasonable under such a time frame.

We find that as there was no promise by the lessee as principal and Dull as surety, Dull cannot be said to be directly, immediately, primarily and jointly liable for the debt for which the lessee has defaulted on. *Wurlitzer, supra.*

In the same light, the record does not establish any evidence of a collateral promise or guarantee made by Dull. The language simply states that the lessee had an affirmative duty to obtain and show proof of insurance. There is no separate contract given by Dull warranting that should the lessee default after due prosecution, Dull would perform the lessee's duty on behalf of any beneficiary and obtain insurance. *Atalanta Corp. v. Ohio Valley Provision Co.,* 263 Pa.Super. 374, 398 A.2d 183 (1979), *aff'd,* 489 Pa. 389, 414 A.2d 123 (1980). Without establishing these factors, we decline to hold Dull liable as a guarantor. As in a suretyship relationship, a moral obligation does not support a contract of guarantee. *Appeal of Willis,* 131 Pa. 638, 18 A. 987 (1890).

The trial court properly granted Dull's preliminary objections to Deeter's and Kramer's second and third claims. Deeter and Kramer failed to state a cause of action, *Spires, supra, Guy, supra,* and the trial court properly sustained Dull's demurrer. *Kyle, supra.*

Order affirmed.

Decision rendered prior to MONTEMURO, J., leaving the bench.