## Tolomei v. Erin Partners

C.P. of Berks County, no. 1178-91 A.D.

*Peter M. Patton* and *Peter N. Munsing,* for plaintiffs. *David M. Kozloff* and *Jerry R. Richwine,* for defendants.

SCHAEFFER, *S.J.,* November 23, 1998—This is a negligence action arising out of a slip and fall accident. Plaintiffs/appellants' claims arose from plaintiff Barry Tolomei's slip and fall, on or about March 7, 1989, on a loading dock at the Wetterau Foods warehouse, built by The Erin Corporation, leased to Wetterau Foods by Erin Partners, and located at the Berks Corporate Center, Temple, Berks County, Pennsylvania. Appellants appeal from this court's order of September 17, 1998, granting defendants' motion for summary judgment.

On February 28, 1991, plaintiffs initiated an action at law by writ of summons against original defendants Erin Partners Ltd., Stephen A. Levin & Others, Martin Sweren, Erin Stuart Inc., Erin Corp. and The Erin Corporation. A complaint was filed against the named defendants on November 16, 1992. In July 1994, upon stipulation of the parties, the court ordered that defendants Erin Partners and The Erin Corporation be substituted for the original defendants, who were not the proper parties to the suit. On July 22, 1994, plaintiffs filed an amended complaint. On June 2, 1995, defendants Erin Partners and The Erin Corporation filed an answer and new matter. On June 8, 1995, plaintiffs filed a reply to new matter. After extensive discovery, defendants filed a motion for summary judgment, which was argued before this court on September 9, 1998.

In their concise statement of matters complained of on appeal, appellants raise the following issues:

"(1) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where the

evidence of record showed there are genuine issues of material fact.

"(2) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where defendants failed to establish that there was no genuine issue of material fact whether The Erin Corporation, the company that built the warehouse where plaintiff was injured, created a dangerous condition on the premises, pursuant to its construction contract with the landowner Erin Partners, that caused plaintiff's injuries.

"(3) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where defendants failed to establish that there was no genuine issue of material fact whether plaintiff's injuries were caused by a dangerous condition on a portion of the premises over which Erin Partners, the landlord of the premises on which plaintiff was injured, retained control.

"(4) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where defendants failed to establish that there was no genuine issue of material fact whether plaintiff's injuries were caused by a dangerous condition on a portion of the premises Erin Partners contracted, in its lease with plaintiff's employer Wetterau Inc., to repair.

"(5) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where defendants failed to establish that there was no genuine issue of material fact whether plaintiff's injuries were caused by a dangerous condition on a portion of the premises over which Erin Partners undertook to repair by implication.

"(6) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where defendants failed to establish that there was no genuine

issue of material fact whether plaintiff's injuries were a foreseeable consequence of Erin Partners' failure to fulfill its contractual obligation to construct the premises in accordance with good engineering and construction practices.

"(7) Plaintiffs complain that the court erred in granting defendants' motion for summary judgment where the court relied solely on oral testimony presented by defendants in making its ruling."

The facts of the case are as follows: In March of 1989, Barry Tolomei worked at Wetterau Foods as a picker and tow motor operator. His job was to load and unload trucks that pulled up to the docks at the grocery storage warehouse known as "T'town." On the date of the accident, Tolomei was to drive a riding tow motor into a full truck trailer and remove skids of products and place them in the warehouse. The tow motor was a four-wheel riding vehicle which was similar to a forklift in that it raised skids of products off of the floor of the truck so that they could be moved into the warehouse. To unload the trucks at the loading dock with the tow motor, Tolomei lifted a steel dock plate, which hung outside the dock, and placed it inside the truck to be unloaded, forming a bridge from the loading dock into the trailer. On the day of the accident, it was rainy. The dock plate was wet. Tolomei knew that the dock plate was wet. (Deposition of Barry Tolomei, p. 99.) Tolomei was injured during the normal course of his employment with Wetterau Foods when he was unloading a truck trailer and some products fell off of the lift he was towing. In response to the boxes falling, Tolomei turned off the tow motor and jumped onto the dock plate. (Deposition of Barry Tolomei, pp. 95-96, 100-101.) When Tolomei's feet hit the dock plate, they slipped out from under him

and he fell to the ground, landing with his full weight on his left hip.

At the time of Tolomei's accident, Wetterau Foods, Tolomei's employer, was the commercial tenant of the leased premises. Wetterau had leased the warehouse from Erin Partners. The obligations between the lessor, Erin Partners, and the lessee, Wetterau Foods, were determined by the written lease agreement between them.

In reviewing a motion for summary judgment,[1] the court views the record in the light most favorable to the non-moving party. *Pennsylvania State University*

---

1. Pennsylvania Rules of Civil Procedure 1035.1-1035.5 govern summary judgment, and they state, in pertinent part:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2

"The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

*v. County of Centre,* 532 Pa. 142, 144-45, 615 A.2d 303, 304 (1992). However, plaintiffs cannot avoid summary judgment where they have no evidence to support an issue on which they bear the burden of proof.[2] Regardless of plaintiffs' allegations in the pleadings, plaintiffs, when faced with a motion for summary judgment, must show that the evidence they can then produce, with all inferences therefrom drawn in their favor, would permit the finder of fact to render a verdict in their favor. "If a plaintiff has failed to establish a prima facie case, then as a matter of law, summary judgment is proper, because at this stage there are no material issues of fact to be decided."[3]

In a negligence case, such as the case at bar, the plaintiff has the burden of establishing that the defendant had a duty to the plaintiffs, that the defendant was negligent in failing to perform that duty, or in the manner

---

"(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

"(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

"(d) Summary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3.

2. The Supreme Court of Pennsylvania has held that "A non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

3. *Ack v. Carroll Township Authority,* 661 A.2d 514, 516-17 (Pa. Commw. 1995).

in which it performed that duty, and that such negligence was a substantial factor in causing the plaintiffs' harm.

Plaintiffs allege the plaintiff-husband slipped on a wet dock plate. The plate is as pictured in exhibit 15 attached to the deposition of the plaintiff, Barry Tolomei, in this case. It was a standard non-skid type plate embossed with diamond friction points. There is no dispute of fact as to what the plate was and how it was made.

Plaintiffs have shown no evidence of any defect in the way the plate was designed, manufactured, placed, or used by any one or more of the defendants.

We find that the standard dock plate of the type in question, without some defect, is not, per se, unreasonably dangerous, even if wet, just as a concrete sidewalk, without some defect, is not, per se, unreasonably dangerous, even if wet, and just as a blacktop highway is not, per se, unreasonably dangerous, even if wet.

Before a finder of fact can find that a steel dock plate of the type here in question was unreasonably dangerous, it must have evidence, which it accepts, of a defect, or of an unreasonably dangerous condition.

Here, the plaintiffs offered no such evidence. They did not produce evidence that the dock plate in question was other than the one pictured in exhibit 15. They did not show that the dock plate had any defect or unusual condition.

The plaintiffs' argument that the dock plate should have been covered with a canopy, misses the point. A wet dock plate is not itself unreasonably dangerous, and, therefore, no duty arose to cover it.

Furthermore, the trier of fact, on the evidence offered, could not have found that Erin Partners had a duty

to the plaintiffs. Erin Partners was the landlord out of possession.

"Pennsylvania law follows the general rule that a lessor of land is not liable to the lessee or to others . . . for the physical harm caused by either [physical or natural] conditions on the land which existed when the land was transferred or which arise after the transfer of possession." *Deeter v. Dull Corp. Inc.*, 420 Pa. Super. 576, 581, 617 A.2d 336, 339 (1992). (citations omitted) "This principle is based upon the theory that when the lessor leases the land, the law regards the lease transaction as the equivalent to the sale of the land for the term of the lease." *Id.* at 581, 617 A.2d at 339; Restatement (Second) of Torts §356, comment a. Therefore, the tenant is considered the landowner for tort purposes. *Smith v. King's Grant Condominium*, 418 Pa. Super. 260, 266, 614 A.2d 261, 264 (1992).

There are several exceptions to this general rule,[4] but none of them applies in the case at bar.

Next, plaintiffs argue that since they presented evidence that Erin Partners caulked a leak in the dock seal abutting the wall on *one* occasion, defendant, Erin Partners, retained control over the loading dock and the dock plates. This is insufficient. The lease between the parties clearly states that Erin Partners, the lessor, was not required to make any repairs unless and until the lessee gave the lessor written notice of the need

---

4. The exceptions are: "where the lessor contracts to repair; where the lessor fails to disclose dangerous conditions to the lessee; where the land is leased for the purpose of inviting the public; where the lessor retains a portion of the land but allows the lessee to use it; where the lessor retains a portion of the land that is necessary to maintain the leased part in a safe condition; and, where the lessor negligently makes repairs on the land while it is in the possession of the lessee." *Deeter* at 581, 617 A.2d at 339. (citations omitted)

to repair. Erin Partners had no general or continuing duty to inspect or repair the dock area until requested by Wetterau Foods, its lessee, to do so, and, therefore, one repair, made after notice, or without notice, is insufficient to give Erin Partners control of the loading dock and impose upon it a continuing duty to inspect and maintain it. While plaintiff claimed that he gave notice to his supervisors at Wetterau Foods of the dock plate getting wet, plaintiffs presented no evidence of any written notice being given to Erin Partners to repair the dock area.

Next, plaintiffs assert that because it is the lessor's obligation to make "structural repairs" to the walls, defendant retained control over the dock doors on the wall, and was therefore responsible for putting a canopy over the openings. The lease provides, "The lessor shall keep and maintain the roof of the building in good condition and shall make all structural repairs to the building (including without limitation to the walls) . . . ." "Without limitation to the walls" is not ambiguous language, and this phrase is not capable of an interpretation that includes, as a "structural repair," *adding* a canopy or awning over a loading dock door.

Nor could the trier of fact have found that the dock plate was in a "common area" and that, therefore, Erin Partners retained control over the area.

Appellants also claim that the court erred in granting defendants' motion for summary judgment in favor of The Erin Corporation. Plaintiffs argue that The Erin Corporation can be liable to the plaintiffs because The Erin Corporation, in constructing the warehouse and the dock area, created a dangerous condition on the premises which caused the plaintiff's harm. The dangerous condition specified was the construction of the dock area without covering the dock plates in a way

that they could not get wet. But even plaintiff, from his personal knowledge, has stated that placing an overhang over the loading dock would not have prevented the dock plates from getting wet because, if it is raining in the direction of the building, the rain is going to hit the dock plate when it is hanging down. (Deposition of Barry Tolomei, p. 82.) However, as we have previously determined, dock plates, of the type used here, even if wet, are not, per se, unreasonably dangerous.

Finally, appellants contend that the court erred in granting defendants' motion for summary judgment based on oral testimony presented by the defendants. This is not a correct statement. We did not enter summary judgment against plaintiffs based on defendants' oral testimony. We entered summary judgment against plaintiffs because the plaintiffs' evidence did not make out a prima facie case. The rule in *Nanty-Glo* is not applicable.

For the aforementioned reasons, we respectfully request that the Superior Court affirm the court's order of September 17, 1998.