**Donald ANDERSON and Janice Anderson, Plaintiffs**

v.

**PHILADELPHIA SUBURBAN DE-VELOPMENT CORPORATION and 7–Eleven, Inc., Defendants**

No. 04–1063.

United States District Court, E.D. Pennsylvania.

June 8, 2004.

---

**1.** *See Plf.'s Motion in Limine* at ¶ 8; Plf's Answer to Defendant's Motion for Summary Judgment at ¶ 1–2.

Adam D. Wilf, Barish Law Offices, P.C., Thomas A. Masterson, Jr., Law Offices of Marvin Lundy LLP, Philadelphia, PA, for Plaintiffs.

Christopher C. Negrete, Gerald J. Valentini, Deasey Mahoney & Bender, LTD., Philadelphia, PA, Edward A. Greenberg, Edward Bigham, Daller Greenberg & Dietrich LLP, Conshohocken, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

On April 12, 2004, plaintiffs moved under 28 U.S.C. § 1447(c) to remand this case back to state court and for reimbursement of counsel fees. Plaintiffs' motion to remand will be granted and plaintiffs' request for counsel fees denied.

## I. BACKGROUND[1]

On January 22, 2004, plaintiffs Donald and Janice Anderson, husband and wife and Pennsylvania residents, filed suit in the Philadelphia Court of Common Pleas against defendants Philadelphia Suburban Development Corporation ["PSDC"], a Pennsylvania corporation with its principal place of business in Pennsylvania, and 7–Eleven, Inc. ["7–11"], a Texas corporation with its principal place of business in Texas. (Notice of Removal ¶¶ 6–7.)

The complaint alleges that on February 21, 2003 Mr. Anderson was walking in a 7–11 store parking lot when he fell on ice, causing him severe and permanent injuries. (Compl. ¶ 6.) Plaintiffs allege that, "[a]t all times material hereto defendants owned, operated, controlled, maintained, managed, supervised and possessed the premises known as 7–11 Store, 1035 Allentown Road, Lansdale, PA." (Compl. ¶ 5.) The complaint contains no facts specifying the relationship between defendants PSDC and 7–11, nor any more specific allegations about the ownership of the 7–11 store where Mr. Anderson was injured. However, subsequent pleadings have established that PSDC was the lessor and 7–11 was the lessee of the premises where plaintiff was injured. (Mot. Remand Ex. C.) The parties do not dispute this fact.

On March 11, 2004, defendants removed the action to federal court under 28 U.S.C. §§ 1441(a) and 1446, claiming that the citizenship of PSDC should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1551(b). Defendants claim that PSDC was fraudulently joined, that is joined solely to defeat diversity jurisdiction. (Notice of Removal ¶ 9.) In support of their position, defendants claim that PSDC is a landlord out of possession and not responsible for injuries to third parties on the leased premises. (Id. at ¶ 11.) If PSDC was not a proper defendant, diversity would exist between plaintiffs and the remaining defendant, 7–11. Because plaintiffs have also alleged damages in excess of $75,000, if diversity is

---

1. On June 3, 2004, I sent the parties drafts of the court's understanding of the facts in this case and ordered them to inform the court by June 11, 2004 whether they dispute any of the stated facts (Docket # 12). Both defendants responded immediately to my Order (see attached letters). Because I find in plaintiffs' favor, I have not waited for their response to the June 3 Order before issuing the present Order.

established, federal jurisdiction would lie under 28 U.S.C. § 1332.

Arguing for remand, plaintiffs contend that PSDC may be liable to plaintiffs for failing to maintain the 7–11 parking lot. (Mot. Remand ¶ 12.) Plaintiffs attached to the remand motion the original lease between landlord PSDC and tenant 7–11 (then listed by its former name, "The Southland Corporation"), dated October 20, 1964. (Mot. Remand Ex. C.) The lease states in pertinent part:

Landlord covenants and agrees ... [t]o keep the exterior of the building in good repair, including repair and maintenance of the roof and the structural soundness of the foundation, exterior walls, paving and curbing, but excluding any painting.

(Mot. Remand Ex. C, Lease between PSDC and the Southland Corporation, Art. 7.)

Plaintiffs state that, subsequent to the filing of the complaint, defendants supplied plaintiffs with a partially executed lease agreement amendment dated March 1, 1994. (Mot. Remand ¶ 14, Ex. D.) This amendment allegedly deletes the portion of the original lease agreement holding the landlord responsible for the repair and maintenance of the paving and curbing. (Mot. Remand Ex. D.) Plaintiffs claim in their remand motion that the alleged amendment defendants produced to them is unsigned by the lessee and the amendment plaintiffs attach to their motion to remand is indeed not signed by the lessee. (Mot. Remand Ex. D.) Defendants have since provided the court with a fully executed copy of the March 1, 1994 amendment, which does appear to release PSDC of responsibility for maintenance of the paving and curbing. (Def. Reply to Pl. Sur–Reply to Def. Opp. to Pl. Mot. Remand Ex. A.)

On March 12, 2004, prior to defendants' removal of this case to federal court, counsel for PSDC asked plaintiffs to dismiss PSDC from the case based on the amendment to the lease contract. (Pl. Sur–Reply 1.) On March 31, 2004, one of plaintiffs' two attorneys, Adam Wilf, sent PSDC's attorney a stipulation dismissing PSDC from the action without prejudice. (Def. Opp. to Pl. Mot. Remand Ex. A.) Neither of plaintiffs' attorneys signed the circulated stipulation prior to sending it to defendants' attorneys. (*Id.*) Plaintiffs state that they sent the stipulation "based on [the] addendum [to the original lease agreement]". (Pl. Sur–Reply 1.) Plaintiffs now claim that, subsequent to the circulation of the stipulation, plaintiffs discovered evidence that the parking lot at issue had problems with ice and slippery conditions dating back as far as 1991, and that PSDC did not do anything to remedy the problem. (Pl. Sur–Reply 2.) Based on this evidence and their understanding that the amendment was never fully executed, plaintiffs ultimately decided not to sign the proposed stipulation. (Pl. Sur–Reply 2.)

In addition, plaintiffs' attorney Adam Wilf represents that he spoke with counsel for PSDC subsequent to the circulation of the proposed stipulation, and advised PSDC counsel that plaintiffs reserved the "right to add PSDC as a party any time prior to the statute of limitation expiring on February 20, 2005 if further investigation and discovery warranted it." (Pl. Sur–Reply 2.)

## II. *STANDARD OF REVIEW*

Plaintiffs seek to remand this case on the ground that there was no fraudulent joinder. When a party removes a case by claiming that a non-diverse defendant was fraudulently joined, the removing party carries a "heavy burden of persuasion" in showing that the non-diverse party was

fraudulently joined. *Batoff v. State Farm*, 977 F.2d 848, 851 (3d Cir.1992). This is because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (quoting *Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).)

The standard for examining the complaint to determine whether the joinder of the non-diverse defendant was colorable is whether the joinder was "wholly insubstantial and frivolous." *Id.* at 852. "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 851 (quoting *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990).) This jurisdictional inquiry into a plaintiff's allegations is less searching than the analysis applied under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. *Batoff,* 977 F.2d at 852.

The Third Circuit has further instructed that, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Id.* (quoting *Boyer,* 913 F.2d at 113.) Finally, "[i]n evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." *Id.* at 851–52 (quoting *Steel Valley,* 809 F.2d at 1010.)

## III. *DISCUSSION*

■ In their briefs in support of their motion to remand, plaintiffs stress that they were unaware of the alleged amendment to the lease agreement at the time the complaint was filed. Defendants do not dispute this. On its face, the original lease gives PSDC responsibility for maintaining the pavement and curbs of the 7–11 premises. Because plaintiffs were only aware of the original lease at the time they filed their complaint, and because I "must focus on the plaintiff's complaint at the time the petition for removal was filed," *Batoff,* 977 F.2d at 851–52, it was proper for plaintiffs to join PSDC.

Plaintiffs further argue that, even if the court were to consider the 1994 amendment in determining whether plaintiffs fraudulently joined PSDC, PSDC may still be proper defendants under the heightened burden of proving fraudulent joinder. Pennsylvania law holds that leases are treated "as sales of the land for the duration of the lease." *Rich v. Kmart Corp.,* No. Civ. A. 94–6711, 1999 WL 397383 at *2, 1999 U.S. Dist. LEXIS 7801 at *4 (E.D.Pa. May 20, 1999) (citing *Deeter v. Dull Corp., Inc.,* 420 Pa.Super. 576, 617 A.2d 336, 339 (1992).) "Accordingly, landlords out of possession are generally not liable for injuries suffered by third parties on leased property." *Id.* (citing *Dinio v. Goshorn,* 437 Pa. 224, 270 A.2d 203, 206 (1969).) However, there are six exceptions to this general rule wherein a landlord out of possession may incur liability:

1. if the lessor has reserved control over a defective portion of the demised premises;

2. if the demised premises are so dangerously constructed that the premises are a nuisance per se;

3. if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee;

4. if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee;

5. if the lessor undertakes to repair the demised premises and negligently makes the repairs; or

6. if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition on the leased premises.

*Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 508 A.2d 1200, 1202 (Pa.Super.1986).

Plaintiffs argue that, even though PSDC was a landlord out of possession at the time of the accident, it may still be liable under exceptions 1, 4, and 5. As for the first exception, the lessor reserving control over a defective portion of the premises, plaintiffs cite the clause in the original lease that PSDC remained responsible for maintenance of the paving and curbing as evidence that might establish PSDC's liability. With respect to the fourth and fifth exceptions, a landlord neglecting to repair a dangerous condition before transferring the property and a landlord negligently making repairs, plaintiffs have brought forth evidence suggesting that the icy condition of the parking lot may have been a

problem as far back as January 1991. If the hazardous condition preceded the 1994 amendment to the lease, plaintiffs argue that PSDC could be liable under these exceptions.

■ As explained above, the court's inquiry when deciding whether to remand an action to state court is limited to whether the claim is "wholly insubstantial and frivolous." *Batoff,* 977 F.2d at 852. The Third Circuit is clear that "a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff,* 977 F.2d at 853. Therefore, there is no need to proceed further in the analysis of whether PSDC could be liable under an exception to the general landlord out of possession rule. There is a possibility that the state court will find that plaintiffs stated a cause of action against PSDC. Accordingly, the defendants have failed to sustain their heavy burden that plaintiffs fraudulently joined PSDC. My decision is not a reflection of the merits of plaintiffs' case against PSDC, but rather a conclusion that I do not have jurisdiction to fully examine these merits.[2] *See Batoff,* 977 F.2d at 854; *Boyer,* 913 F.2d at 113. I will remand this case to the Court of Common Pleas of Philadelphia County.[3]

■ Plaintiffs have also requested reimbursement of counsel fees in the amount

**2.** Indeed, the state court may ultimately find that the claims against PSDC must be dismissed, for "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff,* 977 F.2d at 852.

**3.** Defendants also argue that plaintiffs' claims against PSDC should be dismissed because they are "identical in content and form to those against [7–11]," the complaint does not distinguish between the two defendants, and, therefore, "no basis to conclude a separate

intent to pursue exists." Defendants bring forth no legal support for this argument. It seems entirely reasonable for the defendants to be accused of the same behavior in the complaint in light of plaintiffs' general allegation that they shared responsibility for the parking lot. Additionally, defendants' argument that plaintiffs at one point expressed a willingness to dismiss PSDC cannot support a finding of fraudulent joinder in light of my obligation to focus on the allegations in plaintiffs' complaint. *See Batoff,* 977 F.2d at 851–52.

of $1890.00. "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Imposition of costs pursuant to this provision is within the district court's discretion. *Mitchell v. Street*, 310 F.Supp.2d 724, 727 (E.D.Pa.2004.) "Courts generally exercise this discretion where the issue of non-removability is obvious or where a defendant did not act in good faith in removing the case." *Naulty v. Kraft Foods, Inc.*, No. Civ. A. 02–8343, 2003 U.S. Dist. LEXIS 15677 at *15 (E.D.Pa. Aug. 12, 2003). Defendants relied on reasonable legal arguments to support their removal of this case. Their actions were done in good faith and I will not impose reimbursement of counsel fees.

## IV. *CONCLUSION*

For all the foregoing reasons, plaintiff's motion to remand is granted because defendants have failed to prove that plaintiffs fraudulently joined PSDC. Plaintiffs' request for reimbursement of counsel fees is denied. An appropriate order follows.

### *ORDER*

**AND NOW**, this     day of June, 2004, plaintiffs' motion to remand (Docket # 6) is **GRANTED**. The Clerk of Court shall **REMAND** this matter to the Court of Common Pleas in Philadelphia County and mark this case as **CLOSED**.