J-S70032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES DAVID, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ALICE M. GETZ, LAWRENCE GETZ II, | : | |
| ROBERT B. GETZ & GETZ PERSONAL | : | |
| CARE HOME INC. | : | |
| | : | |
| Appellees | : | No. 756 EDA 2018 |

Appeal from the Order Dated February 8, 2018
In the Court of Common Pleas of Carbon County
Civil Division at No(s):  No. 16-0398

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:               **FILED JANUARY 03, 2019**

Appellant, James David, appeals from the order entered in the Carbon County Court of Common Pleas, which granted summary judgment in favor of Appellees, Alice M. Getz, Lawrence Getz, II, Robert B. Getz, and Getz Personal Care Home, Inc., and against Appellant in Appellant's slip and fall/premises liability action.  We affirm.

The trial court set forth the relevant facts and procedural history as follows:

> On February 26, 2016, [Appellant] filed a complaint in negligence against [Appellees], Alice M. Getz, Lawrence Getz, II, Robert B. Getz, and Getz Personal Care Home, Inc. The complaint avers that [Appellant] fell while on [Appellees'] property located at 1752 State Route 534, Albrightsville, Carbon County, Pennsylvania and that [Appellees], as owners, had a duty to clear the snow and ice from that property.

The incident giving rise to this action occurred on February 28, 2014. At that time, [Appellant] was dating Kathy DiGregorio, who was a tenant at the subject property. After picking up Miss DiGregorio from work and going out for dinner, [Appellant] drove her to the property. There is no sidewalk or paved surface from the driveway to the house, and the yard was covered with snow and ice from a recent storm. There was no cleared path through the snow. Miss DiGregorio exited [Appellant's] vehicle and walked through the snow toward the front door of the house. [Appellant] attempted to follow her but fell in the ice and snow, injuring his leg and ankle.

The subject property was leased by [Appellee], Alice Getz, to Kathy DiGregorio beginning on October 1, 2012. Kathy DiGregorio was in possession of the entire premises throughout the duration of the lease. On January 29, 2014, Alice Getz transferred ownership of the subject premises to her sons, [Appellees] Lawrence Getz, II, and Robert Getz.

Alice Getz filed a motion for summary judgment and a brief in support thereof on August 2, 2017. Lawrence Getz, Robert Getz, and Getz Personal Care Home, Inc. submitted their own motion for summary judgment and supporting brief on August 3, 2017. [Appellant] filed an answer to the latter motion for summary judgment on September 8, 2017. [Appellees] claim that Alice, Lawrence, and Robert Getz are landlords out of possession of the subject property and are, thus, immunized from liability relating to the maintenance of that property.

On February 8, 2018, this [c]ourt granted [Appellees'] motions for summary judgment. On March 9, 2018, [Appellant] filed a notice of appeal to the Superior Court. On March 12, 2018, this [c]ourt entered an order directing [Appellant] to file of record, within twenty-one (21) days, a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 2, 2018, [this court] received "[Appellant's] Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)"….

(Trial Court Opinion, filed April 27, 2018, at 1-3).

Appellant raises the following issues for our review:

SHOULD THE MOTIONS FOR SUMMARY JUDGMENT BE GRANTED IN LIGHT OF THE PLEADINGS AND DEPOSITION?

ARE THERE GENUINE ISSUES OF MATERIAL FACT?

(Appellant's Brief at 5).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the

existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steven R. Serfass, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 27, 2018, at 3-6) (finding: Appellant admits that Ms. DiGregorio was tenant/lessee of subject property at time of his fall; Appellant failed to plead any exception to general rule in Pennsylvania that lessor of land is not liable to lessee or to others, including invitees, for

J-S70032-18

physical harm caused by natural or artificial conditions on land which existed when land was transferred or which arose after transfer of possession; thus, Appellees/lessors are not liable for Appellant's harm[1]; additionally, Appellee Getz Personal Care Home, Inc. does not and has not ever owned subject property).[2]  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

_____

[1] Moreover, under the express terms of the lease agreement, Ms. DiGregorio was solely responsible to keep and maintain the property free of ice and snow.

[2] Issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived for appellate review.  **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005).  A Rule 1925(b) statement that is not specific enough for the trial court to identify and address the issues Appellant wishes to raise on appeal may also result in waiver.  **Commonwealth v. Reeves**, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).  Instantly, Appellant complains on appeal that there is a genuine dispute of material fact concerning the validity of the lease agreement because the lease is between Alice Getz and Ms. DiGregorio, but Lawrence and Robert Getz owned the property at the time of Appellant's fall.  Appellant did not specify this claim in his Rule 1925(b) statement, however, so he waived this claim on appeal. **See id.**  Moreover, even if properly preserved, Appellant's claim would merit no relief for the reasons stated in the trial court's order granting summary judgment in favor of Appellees.  (**See** Order Granting Summary Judgment, dated February 8, 2018, at n.1) (finding: when original lessor sells land, purchaser steps into shoes of original lessor and can enforce terms of original lease; thus, transfer of ownership did not affect validity of lease agreement).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/19

**IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

JAMES DAVID,                          :
                                      :
        Plaintiff             :
                                      :
        v.                     :   No. 16-0398
                                      :
ALICE M. GETZ, LAWRENCE               :
GETZ, II, ROBERT B. GETZ, and         :
GETZ PERSONAL CARE HOME, INC.         :
                                      :
        Defendants             :

John Molnar, Esquire            Counsel for Plaintiff
Kevin C. McNamara, Esquire     Counsel for Alice M. Getz
James R. Nanovic, Esquire      Counsel for Lawrence Getz,
                                II, Robert B. Getz, and Getz
                                Personal Care Home, Inc.

## MEMORANDUM OPINION

Serfass, J. - April 27, 2018

James David, (hereinafter "Plaintiff"), has taken this appeal from our order of February 8, 2018, granting Defendants' motion for summary judgment. We file the following Memorandum Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) and recommend that the aforesaid order be affirmed for the reasons set forth hereinafter.

## FACTUAL AND PROCEDURAL HISTORY

On February 26, 2016, Plaintiff filed a complaint in negligence against Defendants, Alice M. Getz, Lawrence Getz, II, Robert B. Getz, and Getz Personal Care Home, Inc. The complaint avers that Plaintiff fell while on Defendants' property located at

1752 State Route 534, Albrightsville, Carbon County, Pennsylvania and that Defendants, as owners, had a duty to clear the snow and ice from that property.

The incident giving rise to this action occurred on February 28, 2014. At that time, Plaintiff was dating Kathy DiGregorio, who was a tenant at the subject property. After picking up Miss DiGregorio from work and going out for dinner, Plaintiff drove her to the property. There is no sidewalk or paved surface from the driveway to the house, and the yard was covered with snow and ice from a recent storm. There was no cleared path through the snow. Miss DiGregorio exited Plaintiff's vehicle and walked through the snow toward the front door of the house. Plaintiff attempted to follow her but fell in the ice and snow, injuring his leg and ankle.

The subject property was leased by Defendant, Alice Getz, to Kathy DiGregorio beginning on October 1, 2012. Kathy DiGregorio was in possession of the entire premises throughout the duration of the lease. On January 29, 2014, Alice Getz transferred ownership of the subject premises to her sons, Defendants Lawrence Getz, II, and Robert Getz.

Alice Getz filed a motion for summary judgment and a brief in support thereof on August 2, 2017. Lawrence Getz, Robert Getz, and Getz Personal Care Home, Inc. submitted their own motion for summary judgment and supporting brief on August 3, 2017. Plaintiff

filed an answer to the latter motion for summary judgment on September 8, 2017. Defendants claim that Alice, Lawrence, and Robert Getz are landlords out of possession of the subject property and are, thus, immunized from liability relating to the maintenance of that property.

On February 8, 2018, this Court granted Defendants' motions for summary judgment. On March 9, 2018, Plaintiff filed a notice of appeal to the Superior Court. On March 12, 2018, this Court entered an order directing Plaintiff to file of record, within twenty-one (21) days, a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 2, 2018, we received "Plaintiff's Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" in which he raises twelve (12) issues for appellate review.

## DISCUSSION

The issues Plaintiff raises on appeal can be simplified into (3) separate questions: 1) Whether this Court erred in failing to find any genuine issues of material fact; 2) Whether this Court failed to examine the record in the light most favorable to the Plaintiff; and 3) Whether this Court erred in determining Defendants are immunized from liability relating to the maintenance of the property. We will now address each issue in turn.

## I. This Court committed no error in finding that there are no genuine issues of material fact

Plaintiff claims that Defendants failed to demonstrate that there are no genuine issues of material fact and that this Court erred in finding that there are no such issues. Thus, according to Plaintiff, summary judgment was not warranted.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.

Swords v. Harleysville Insurance Companies, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

The question at issue in this case is whether Defendants are landlords out of possession of the subject property as that would immunize them from liability relating to the maintenance of that property. Pennsylvania law follows the general rule that a lessor of land is not liable to the lessee or to others, including invitees, for the physical harm caused by either natural or artificial conditions on the land which existed when the land was

FS-16-18

4

transferred or which arose after the transfer of possession. <u>Deeter v. Dull Corp.</u>, 617 A.2d 336, 338 (Pa.Super. 1992). This principle is based upon the theory that when the owner leases the land, the law regards the lease transaction as equivalent to the sale of the land for the term of the lease. *Id*. at 339. Liability is premised primarily on possession and control, and not ownership. *Id*. There are several exceptions to this general rule: where the lessor contracts to repair; where the lessor fails to disclose dangerous conditions to the lessee; where the land is leased for the purpose of inviting the public; where the lessor retains a portion of the land but allows the lessee to use it; where the lessor retains a portion of the land that is necessary to maintain the leased part in a safe condition; and, where the lessor negligently makes repairs on the land while it is in the possession of the lessee. *Id*.

In this case, Plaintiff admitted that the subject premises was being leased and that Kathy DiGregorio was the tenant of the subject premises in paragraphs two (2) and four (4), respectively, of "Plaintiff's Answer to Motion for Summary Judgment on behalf of Defendants' Lawrence Getz, II, Robert B. Getz, and Getz Person Care Home, Inc." Further, there was no claim that Defendants retained possession of any portion of the property, so Miss DiGregorio was in full possession of the property. Plaintiff has not pleaded, and there is no evidence, that any of the exceptions

FS-16-18

5

to the landlord out of possession rule apply in this case. Thus, Defendants, Alice Getz, Lawrence Getz, II, and Robert Getz, as lessors, cannot be liable for the physical harm caused by the natural accumulation of ice and snow on the property which arose after the transfer of possession. Additionally, because Getz Personal Care Home, Inc. has never owned the subject property nor had any legal duty to maintain the property, it cannot be found liable as a matter of law.

There are no genuine issues of material fact in this matter because Defendant has admitted that Miss DiGregorio was the tenant of the property and that she had entered into a lease for said property. Plaintiff mistakes Defendants' ownership of the property for the possession and control afforded to Miss DiGregorio through her tenancy.

Finally, Plaintiff argues that there are genuine issues of material fact in regard to the issue of the statute of limitations, but this action was filed within the applicable statute of limitations and, even if it were not, such an issue would not prevent summary judgment in Defendants' favor. We decline to guess what issue Appellant was trying to raise as to the statute of limitations as the Superior Court has held that such attempts would be futile. Commonwealth v. Lemon, 804 A.2d 34, 38 (Pa.Super. 2002). An issue raised on appeal is waived when an appellant's concise statement is too vague for the trial court to identify and

FS-16-18

6

address any such issues. Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa.Super. 2001). When a court must guess what issue an appellant is appealing, that is not enough for meaningful review. *Id.* (quoting Commonwealth v. Butler, 756 A.2d 55, 57 (Pa.Super. 2000)). Further, if an appellant does not adequately identify in a concise manner the issue sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis pertinent to that issue. *Id.* (quoting In re Estate of Daubert, 757 A.2d 962, 963 (Pa.Super. 2000)). Ultimately, a concise statement that is too vague to allow the trial court to identify the issue raised on appeal is the functional equivalent of no concise statement at all. *Id.* at 686-87.

"The trial court may not frame the issues for an appellant, either by guessing or anticipating." Lemon, 804 A.2d at 38. Because Appellant's concise statement is vague as to the issue of statute of limitations, the issue Appellant wishes to raise on appeal would even be waived if this Court were to correctly guess and address the issue in our Pa. R.C.P. 1925(a) opinion. *Id.*

Therefore, Appellant's vague concise statement prevents this Court from engaging in any meaningful review of that issue and any attempt to discern the issue would be futile.

**II. This Court examined the record in the light most favorable to Plaintiff**

Plaintiff next claims that this Court did not view the record in the light most favorable to Plaintiff, the non-moving party.

As stated above, when considering the merits of a motion for summary judgment, the trial court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Swords, 883 A.2d at 566-67.

This Court granted Defendant's motion for summary judgment based upon the admissions of Plaintiff in his submissions to this Court. Plaintiff provided that "[i]t is admitted that the subject premises was being leased[,]" and that "Kathy DiGregorio was a tenant[.]" Even in the light most favorable to Plaintiff, if the property was being leased, Miss DiGregorio was a tenant, and there is no evidence or claim that Defendants controlled or possessed any part of the property, then Defendants are landlords out of possession and are immunized from liability related to the maintenance of the property. Thus, this Court did not fail to examine the record in the light most favorable to Plaintiff.

**III. This Court did not err in determining that Defendants are immunized from liability relating to the maintenance of the subject property**

Finally, Plaintiff claims that this Court erred in determining that Defendants are immunized from liability related to the maintenance of the property.

FS-16-18

8

As stated above, Pennsylvania law follows the general rule that a lessor of land is not liable to the lessee or to others, including invitees, for the physical harm caused by either natural or artificial conditions on the land which existed when the land was transferred or which arose after the transfer of possession. Deeter, 617 A.2d at 338.

Therefore, because no exceptions to this rule apply in this case, Defendants, as lessors, are not liable to Plaintiff, an invitee, for the physical harm caused by the natural accumulation of ice and snow on the land after the transfer of possession to Miss DiGregorio.

## CONCLUSION

For the reasons set forth hereinabove, we respectfully recommend that the instant appeal be denied and that our summary judgment order of February 8, 2018, be affirmed accordingly.

BY THE COURT:

_____
Steven R. Serfass, J.